1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel, Esq. (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

Valerie Yanaros, Esq.
Texas Bar No. 24075628
Applying to Appear Pro Hac Vice in the Northern District Court of California
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553 valerie@yanaroslaw.com
Attorney for Defendant Goode Enterprise Solutions, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dustin Neff, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SBA Entertainment, LLC; et al.,<br><br>Defendants. | Case No.: 23-cv-02518-JD<br>*H. Judge James Donato Presiding*<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Initial Case Management Conference**<br>Date: August 24, 2023<br>Time: 10:00 A.M.<br> Location: Courtroom 11, 19th floor<br>         Phillip Burton Federal Bldg.<br>         450 Golden Gate Avenue<br>         San Francisco, CA 94102 |

- 1 -

JOINT CASEMANAGEMENT STATEMENT

1    The parties to the above-entitled action jointly submit this JOINT CASE

2  MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing

3  Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

4  **1.      SUBJECT MATTER JURISDICTION**

5    This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et*

6  *seq*.  Accordingly, this Court has federal question jurisdiction under 28 U.S.C.

7  §§ 1331 and 1338(a) and (b). All known defendants in this matter have been served.

8  **2.      STATEMENT OF THE PRINCIPAL FACTUAL ISSUES IN DISPUTE**

9    Plaintiff's Statement:

10    This is a clear case of copyright infringement. Plaintiff, Dustin Neff, is an

11  independent filmmaker, author, and researcher whose work has been featured on such

12  major outlets as the History Channel, the Travel Channel, and the Discovery

13  Channel.

14    Neff created and owns a valid copyright registration for the original

15  photograph of himself in front of Pluto's Cave at Mount Shasta, California at issue in

16  this case. The Subject Photograph was also routinely displayed with copyright

17  management information ("CMI") identifying Neff as the author and owner of the

18  Subject Photograph. Prior to the acts complained of in this action, Neff widely

19  displayed the Subject Photograph, including in articles to promote his forthcoming

20  film in which the Subject Photograph was to be used.

21    Defendants SBA Entertainment, LLC and Goode Enterprise Solutions, Inc.,

22  copied the Subject Photograph without Neff's authorization or consent including by

23  reproducing and distributing same in the film *The Cosmic Secret* ("Accused Film,")

24  which on information and belief was produced, promoted, and distributed by

25  Defendants and which was directed, written by, and stars James Corey Goode, the

26  owner of Goode Enterprises, LLC. The Accused Film was publicly distributed and

27  sold on major streaming platforms including Amazon Prime Video, Crackle, Tubi,

28

JOINT CASEMANAGEMENT STATEMENT

1  and excerpts of the Accused Film featuring the Subject Photograph were further used

2  to promote the film on social media. Neff's CMI was not included with any display

3  of the Accused Film and Neff was not credited in any way in same.

4        This unauthorized exploitation violated Neff's exclusive rights in his artwork

5  under 17 U.S.C. § 106, including the exclusive rights to reproduce, distribute, and

6  create derivative works from his original material. And the removal and/or alteration

7  of Neff's CMI and the display of the Subject Photograph with false CMI are

8  violations under 17 U.S.C. § 1202.

9        Defendant's Statement:

10        The claims of copyright infringement in this case are nebulous and unfounded.

11  Plaintiff has not identified a valid copyright or any clear infringement by Defendant

12  Goode Enterprise Solutions, Inc. ("Goode"). Even if there is a valid copyright on the

13  Subject Photograph at issue, any use of the subject work by Goode is de minimis or

14  fair use. Further, the claims are clearly barred by the statute of limitations applicable

15  in this case. Finally, statutory remedies are unavailable in this matter due to Neff's

16  registration of any alleged copyright after the alleged infringement and Neff cannot

17  show any actual damages.

18  **3.   LEGAL ISSUES**

19        Plaintiff's Statement:

20        The primary legal issues in this case are Neff's ownership of the Subject

21  Photograph and Defendants' infringement thereof, including Defendants' access to

22  the Subject Photograph, the substantial similarity between the Subject Photograph

23  and the infringing use found in the Accused Film, and Neff's damages suffered as a

24  result of Defendants' infringement.

25        Defendant's Statement:

26        In addition to the above, legal issues include the validity of Neff's alleged

27  copyright.

28

JOINT CASEMANAGEMENT STATEMENT

4.   **MOTIONS**

Plaintiff's Statement:

Neff may wish to move to add additional defendants should discovery reveal the involvement of currently unknown parties in the chain of infringement of the Subject Photograph. It is likely an initial round of discovery will need to be obtained in order to discern the identities of these defendants.

Neff further anticipates filing a Motion for Partial Summary Judgment for liability as to Defendants' liability for copyright infringement by the deadline for dispositive motions.

Defendant's Statement:

Should the litigation extend past a settlement of the parties and into protracted litigation, Goode plans to file a motion to dismiss for lack of jurisdiction and failure to state a claim as well as to add necessary parties.

5.   **AMENDMENT OF PLEADINGS/ADDITION OF PARTIES**

Neff included in this lawsuit unnamed "Doe" defendants. Should Defendants reveal in their Initial Disclosures or discovery responses any third parties involved in the chain of alleged infringement of the Subject Photograph, Neff will move to add such entities as parties to this action in place of Doe Defendants.

Should the litigation extend past a settlement of the parties and into protracted litigation, Goode will move to add necessary parties that are already evident as necessary to this action from the alleged infringing work.

6.   **EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties confirm that they have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action. However, the parties have not yet met and conferred regarding reasonableness and proportionality in discovery.

- 4 -

## 7.   DISCLOSURES

Neff has fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26 and produced its Initial Disclosures to Defendant pursuant to local and federal rules of civil procedure.

Defendant will produce its Initial Disclosures as required under local and federal rules.

## 8.   DISCOVERY

The parties anticipate using all discovery procedures allowed under the Federal Rules, including depositions, requests for documents, interrogatories and requests for admissions, to be completed in accordance with the scheduling order. The parties further anticipate entering into an appropriate stipulated protective order governing the disclosure and use of any sensitive information or documents exchanged during discovery. To date, there has been no discovery propounded.

Neff further anticipates seeking all pertinent information regarding Defendants' revenues attributable to the Accused Film and web-traffic to pages on which Defendants promoted the Accused Film using, in whole or in part, the Subject Photograph.

Defendant anticipates that no discovery is necessary and can be decided at the pleading stage. However, should discovery move forward using all discovery procedures allowed under the Federal Rules, including depositions, requests for documents, interrogatories and requests for admissions, to be completed in accordance with the scheduling order and a stipulated protective order.

## 9.   CLASS ACTION

Not applicable as this case is not a class action and the Parties do not anticipate the addition of class allegations.

## 10.  RELATED CASES

None.

JOINT CASEMANAGEMENT STATEMENT

## 11. **RELIEF**

As set forth in Neff's Complaint, Neff seeks:

1.  That Defendants—each of them—and their respective agents, employees and servants be enjoined from reproducing, displaying, distributing, disseminating, or otherwise exploiting the Subject Photograph or otherwise violating Plaintiff's exclusive rights in the Subject Photograph;

2.  That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, 1203 et seq.;

3.  That Plaintiff be awarded his costs and attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, et seq.; That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said work;

4.  That Plaintiff be awarded pre-judgment interest as allowed by law;

5.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Goode has not yet had time to appropriately research relief it may seek should this action move forward. However, Goode anticipates moving for attorneys fees and any other relief available.

## 12. **SETTLEMENT AND ADR**

Plaintiff believes that a round of discovery is necessary before settlement offers can be evaluated. The parties have met and conferred as required by ADR L.R. 3-5, and Neff prefers ADR Procedure No. 2 (Mediation).

Goode has tendered an offer to settle this litigation to Neff and is awaiting response.

JOINT CASEMANAGEMENT STATEMENT

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14. OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES.**

The Parties do not believe that it is possible to narrow the issues at this time.

**16. EXPEDITED TRIAL PROCEDURE**

The Parties do not believe that this is case is appropriate to be handled under the Expedited Trial Procedure.

**17. SCHEDULING - PROPOSED DATES**

Plaintiff proposes the following case schedule:

| Proposed Event | Proposed Dates |
|---|---|
| Designation of Experts | April 8, 2024 |
| Designation of Rebuttal Experts | April 22, 2024 |
| Fact Discovery Cutoff, including hearings on discovery motions | May 9, 2023 |
| Expert Discovery Cutoff, including hearings on discovery motions | June 8, 2024 |
| Last Day to File Dispositive Motions | June 22, 2024 |
| Pretrial Conference | July 4, 2024 |
| Trial | August 19, 2024 |

18.  **TRIAL**

Neff has requested a jury trial. The parties estimate the trial in this matter to last between 1-3 court days.

19.  **DISCLOSURE OF NON-PARTY INTERESTED ENTITES OR PERSONS**

Plaintiff filed the Certificate of Interested Parties or Person (Dkt. 14) on August 14, 2023, pursuant to Local Rule 7.1-1.

Goode will file its Certificate of Interested Parties or Person pursuant to local and federal rules.

20.  **PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.  **OTHER ISSUES**

The parties are not currently aware of any other significant issues affecting the status of management of the case, and are not currently making any proposals regarding severance, bifurcation or order of proof.


WHEREUPON, the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.


                                        Respectfully submitted,


Dated:  August 17, 2023        By:        */s/ Frank R. Trechsel*
                                        Frank R. Trechsel, Esq.
                                        Scott Alan Burroughs, Esq.
                                        DONIGER / BURROUGHS
                                        *Attorneys for Plaintiff*

Dated:  August 17, 2023         By:         */s Valerie A. Yanaros, Esq.*
Valerie Yanaros, Esq.
Texas Bar No. 24075628
Applying to Appear Pro Hac Vice in the
Northern District Court of California
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553
valerie@yanaroslaw.com

    Pursuant to Civil L.R. 54-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

JOINT CASEMANAGEMENT STATEMENT