1  Scott Alan Burroughs (SBN 235718)
   scott@donigerlawfirm.com
2  Frank Trechsel (SBN 312199)
   ftrechsel@donigerlawfirm.com
3  DONIGER / BURROUGHS
4  603 Rose Avenue
   Venice, California 90291
5  Telephone: (310) 590-1820
6
7  *Attorneys for Plaintiff*
8
9              **UNITED STATES DISTRICT COURT**
10           **NORTHERN DISTRICT OF CALIFORNIA**
11 DUSTIN NEFF,                          | Case No.: 3:23-cv-02518-JD
                                         | *Honorable James Donato Presiding*
12 Plaintiff,
13 v.                                    | **PLAINTIFF'S NOTICE OF
                                         | MOTION AND MOTION FOR
14 SBA ENTERTAINMENT, LLC, et al.,       | LEAVE TO FILE FIRST
                                         | AMENDED COMPLAINT**
15 Defendants.
16                                       | [Proposed Order and Declaration of
17                                       | Frank R. Trechsel filed concurrently
                                         | herewith]
18
19                                       | Date: June 6, 2024
20                                       | Time: 10:00 a.m.
                                         | Location: Courtroom 11, San
21                                       | Francisco, 19th Floor
22
23
24
25
26
27
28

MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 10:00 a.m. on June 6, 2024, Plaintiff Dustin Neff ("Neff") will and hereby does move this Court for leave to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

By this motion, Neff seeks to amend his pleading in order to add Chicken Soup for the Soul Entertainment, Inc. ("Chicken Soup") and TOFG LLC d/b/a 1091 ("TOFG") as defendants to this action. Neff alleges that each of Chicken Soup and TOFG were involved in the copying, reproduction, display, distribution, creation of derivative works, and/or other use Neff's original photograph of himself in front of Pluto's Cave in Mount Shasta, California (the "Subject Photograph"), which was done by Chicken Soup and TOFG without license, authorization, or consent, including by using the Subject Photograph in the 2019 film *The Cosmic Secret* and in a promotional video of the film ("Infringing Uses"). The Infringing Uses were made widely and publicly available on major streaming platforms including Amazon Prime Video, Crackle and Tubi, and on the video hosting service TikTok.

Neff originally named SBA Entertainment, LLC ("SBA") and Goode Enterprise Solutions Inc. ("Goode") as the infringing entities in his Complaint. After further investigating his claims against SBA and Goode, however, it became clear that they were not the only offending parties and Neff now seeks to amend his complaint to include the appropriate additional entities—Chicken Soup and TOFG. This motion is based on these papers, the evidence on file in this action, and upon such other evidence and argument as may be presented at the time of hearing.

///

///

///

MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Defendants SBA and Goode are in default in this action, so Neff is submitting this motion without having conferred with counsel. Further, Neff is unable to stipulate with SBA and Goode regarding his intent to amend due to SBA and Goode being in default, thereby necessitating this motion.

Respectfully submitted,

Date: April 26, 2024                    By:    */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*

MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Neff filed this action against SBA Entertainment, LLC ("SBA") and Goode Enterprise Solutions Inc. ("Goode") in connection with SBA and Goode's unauthorized copying, reproduction, display, and distribution of Neff's original scenic photograph of himself in front of Pluto's Cave in Mount Shasta, California (the "Subject Photograph"). Defendants used the Subject Photograph without license, authorization, or consent, including by using the Subject Photograph for commercial benefit in their 2019 film titled *The Cosmic Secret* and in promotional excerpts of *The Cosmic Secret* film posted on TikTok ("Infringing Uses"). Neff's allegations are based on numerous pieces of evidence including the clear and obvious use of the Subject Photograph as depicted in screenshots of the Infringing Uses captured from the film and TikTok video promoting same.

However, since the initiation of this lawsuit, Neff discovered additional entities involved in the infringement of his Subject Photograph. Therefore, Neff now seeks to add those entities—namely Chicken Soup for the Soul Entertainment, Inc. ("Chicken Soup") and TOFG, LLC d/b/a 1019 ("TOFG")—as defendants for their role alongside SBA and Goode in reproducing, displaying, distributing, and otherwise using the Subject Photograph in the Infringing Uses. Due to their alleged contribution to the infringement claims herein, Chicken Soup and TOFG should be named in the First Amended Complaint.

Neff respectfully requests leave to amend his complaint with the proposed First Amended Complaint ("FAC") attached hereto as **Exhibit 1**. A redlined version of the FAC is attached hereto as **Exhibit 2** for the Court's convenience. Neff respectfully submits that for the reasons below, this motion should be granted.

## II.    ARGUMENT

This case was filed on May 23, 2023, and remains in its earliest procedural stages. The Court has not yet issued its pretrial and trial order setting a hearing deadline

MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

for motions to amend pleadings/add parties. So owing, this Motion is timely. Adding Chicken Soup and TOFG at this time thus will not delay the proceedings. Neff's investigation has revealed that Chicken Soup and TOFG were involved in the copying, reproduction, display, and distribution of the Infringing Uses. These claims arise from the same nucleus of facts relating to the unlawful exploitation of the Subject Photograph by the other named Defendants.

Leave to amend, including to add new parties pursuant Fed. R. Civ. P. 15(a)(2), should be freely granted so long as the amendment will (1) not cause the other party undue prejudice, (2) is not sought in bad faith, and (3) is not futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). "The consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Eminence, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). "In the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979). Leave to amend is appropriate.

## A.     There is no undue prejudice to the Parties

The other named Defendants, SBA and Goode, will not be prejudiced by the amendment. With the amendment, Neff will be able to seek redress for his infringement claims against two additional parties responsible for violating his rights in the Subject Photograph. The opportunity to address the parties responsible for this infringement will benefit all parties and is in the interest of justice. This case is also at its earliest stages as the deadline to amend has not yet been set. In contrast, Neff will be prejudiced if the amendment is not allowed because he will be forced to participate in and file a second lawsuit that will likely require duplicative work by the parties and the Court addressing Chicken Soup & TOFG's liability for the Infringing Uses.

## B.     The amendment is sought in good faith

Neff seeks to amend his Complaint in good faith to ensure that claims against the appropriate parties responsible for the infringement at issue are resolved in this

action. Chicken Soup and TOFG appear to be two of the four entities responsible for the display and distribution of the Infringing Uses in *The Cosmic Secret* film and the TikTok video used to promote said film.

Given Neff's independent, additional investigation, there is good cause to believe that Chicken Soup and TOFG are responsible for the infringement at issue. Moreover, Neff had no reason to know of Chicken Soup and TOFG's involvement at the time this case was filed. Initially, all publicly available information indicated that SBA and Goode were the only culpable entities. Now, SBA, Goode, Chicken Soup, and TOFG appear to be either directly responsible or vicariously or contributorily responsible for the allegedly infringing conduct. It was only after Neff's further investigation into the distribution of *The Cosmic Secret* that it was discovered that Chicken Soup and TOFG bear some responsibility for the infringement of Neff's rights in the Subject Photograph.

No improper motive can be ascribed to Neff because the proposed amendment seeks to address the infringement claims relating to the Subject Photograph and its exploitation by SBA, Goode, Chicken Soup, and TOFG. Because the amendment is proposed in good faith, it is respectfully submitted that Neff should be granted leave to amend.

## C.    The amendment is not futile

The proposed amendment is not futile because it adds facially proper new claims and adds new parties related to those claims.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweany v. Ada Cnty, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

Here, Neff's proposed amendment adds claims of infringement against Chicken Soup and TOFG for their unauthorized display, distribution, reproduction and use of the Subject Photograph in the Infringing Uses, in violation of 17 U.S.C. § 106A. Neff

alleges that Chicken Soup & TOFG are directly involved in, contributed to, and benefitted from, the infringement at issue. Thus, the proposed amendment states viable claims and should be permitted.

### D.   Amendment is in the interests of judicial economy and efficiency

It is far less costly for the Court and the parties to handle the claims regarding the infringement of Neff's Subject Photograph against SBA, Goode, Chicken Soup, and TOFG in a single action that addresses overlapping facts and law. The filing of an alternate lawsuit would only serve to increase the costs associated with filing and service along with the continued delay of the prosecution of Neff's claims. This would be an inefficiency that is not merited under the present circumstances.

### E.   Proposed Amendments

The effects of the amendment would be to add Chicken Soup and TOFG as defendants to the case and amend Plaintiff's allegations to address their involvement with the creation, display, distribution, and exploitation of the Infringing Uses.

The amendments are as follows:

**Page 1**: The caption is amended to include the new and appropriate party names as well as amend the caption to read First Amended Complaint. The footer is also amended to read "First Amended Complaint."

**FAC Page 2:12-14** revises the second sentence of the existing second paragraph to read: "Defendants SBA Entertainment, LLC ("SBA"), Goode Enterprise Solutions Inc. ("Goode"), Chicken Soup for the Soul Entertainment, Inc. ("Chicken Soup"), and TOFG, LLC ("TOFG") unlawfully reproduced, published, and prominently displayed and distributed Neff's original photography in their 2019 film *The Cosmic Secret*, as well as online through a promotional video posted on the short-form video hosting service TikTok."

///

///

**FAC Page 3:9-14** adds new paragraphs 10 and 11 reading: "Neff is informed and believes and thereon alleges that Defendant Chicken Soup is a Delaware corporation doing business in and with the State of California and this District.

Neff is informed and believes and thereon alleges that Defendant TOFG, LLC is a Delaware limited liability company doing business in and with the State of California and this District.

**FAC Page 3:16-17** adds the words "Chicken Soup, and TOFG" to the definition of "Defendants."

## III.    CONCLUSION

Because courts should freely grant parties leave to amend their pleadings, there is no undue prejudice to any defendant, and there is no dilatory motive or implication of bad faith on the part of Neff, it is respectfully submitted that the Court should grant Plaintiff leave to amend the Complaint.

Respectfully submitted,

Date: April 26, 2024          By:     */s/ Scott Alan Burroughs*
                                       Scott Alan Burroughs, Esq.
                                       Frank R. Trechsel, Esq.
                                       DONIGER / BURROUGHS
                                       *Attorneys for Plaintiff*