Valerie Yanaros (Texas SBN 24075628, Not Admitted in California)
valerie@yanaroslaw.com
YANAROS LAW P.C.
8300 Douglas Ave., Suite 800
Dallas, Texas 75225
Tel.: (512) 826-7553

On Behalf of Defendant
Goode Enterprise Solutions Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DUSTIN NEFF,<br><br>Plaintiff,<br><br>vs.<br><br>SBA ENTERTAINMENT, LLC, a Colorado limited liability company; GOODE ENTERPRISE SOLUTIONS INC., a Colorado corporation, and Does 1-10, inclusive,<br><br>Defendants. | Case Number: 3:23-cv-02518-JD<br><br>**NOTICE TO COURT OF STATUS OF DEFENDANT GES'S REPRESENTATION AND PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to the Court's Order dated January 10, 2024 (Dkt. 33, the "Order"), and out of an abundance of caution, the undersigned respectfully submits this Notice to the Court of Status of Defendant Goode Enterprise Solutions, Inc.'s ("GES") Representation and Plaintiff's Notice of Motion and Motion for Leave to File First Amended Complaint ("Motion for Leave to Amend"), and in light of Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 34, the "Motion") responds and states as follows:

I. **Defendant GES Has Been Unable to Retain Local Counsel Authorized to Practice Before this Court & Continues to Desire to Represent Itself *Pro Se.***

After Plaintiff filed the Original Complaint in this case, Defendant GES[1] hired undersigned counsel to represent them solely for purposes of settlement negotiations. (Valerie Yanaros Declaration ("Yanaros Decl.") ¶1), Corey Goode Declaration ("Goode Decl.") ¶2.) As confirmed in the signature block in all submissions to this Court, undersigned counsel is not licensed in California and is not otherwise authorized to practice before this Court. (Yanaros Decl. ¶¶2, 4, Goode Decl. ¶3.) During settlement negotiations, Defendant GES proceeded to look for local counsel. (Yanaros Decl. ¶¶6-7; Goode Decl. ¶7-8.) After settlement negotiations failed, GES has continued to seek local counsel (Goode Decl. ¶20.)

During settlement negotiations and while GES looked for local counsel, undersigned counsel worked with Plaintiff's counsel to secure various Stipulations with Proposed Orders to give the parties time to engage in settlement negotiations and thereafter additional time to find local counsel and file its Answer. (*See* Dkts. 9, 19-20, 24; Yanaros Decl. ¶4, Goode Decl. ¶5.) Representation before this Court, however, was always contingent on Defendant GES retaining local counsel and a subsequent application to appear *Pro Hac Vice*. (*Id.* (indicating that undersigned counsel needed to apply "to appear *Pro Hac Vice*" and including in signature block "Applying to Appear *Pro Hac Vice* in the Northern District Court of California").)

On November 2, 2023, pursuant to the parties' Fifth Stipulation for Extension of Time, the undersigned counsel advised this Court that "GES is preparing to proceed *pro se* in this matter." (Dkt. 24.) On November 24, 2023, undersigned counsel again advised this Court that:

> Undersigned counsel is not a member of the bar of California. Due to financial constraints, GES has not been able to procure local counsel and is thus proceeding pro se through owner Mr. James Corey Goode.

---

[1] The Court's docket improperly also lists the undersigned counsel as attorney of record for Defendant SBA Entertainment, LLC ("SBA"). (Yanaros Decl. ¶16, Goode Decl. ¶24.) Undersigned counsel, however, has never represented SBA in any capacity and has made no submissions or made any representations to this Court or opposing counsel in this respect. (*See generally* Court Docket; *see also* Dkt. 15 (Joint Case Management Statement referring only to Defendant Goode's statement regarding Motions, settlement efforts, disclosures, etc.).) As reflected in the actual text of the submission, the Stipulation with Proposed Order listed as Docket 19 was filed on behalf of Defendant GES and the Docket entry reflects an inadvertent filing error when clicking on the website. (Dkt. 19.)

(Dkt. 26; Yanaros Decl. ¶11; Goode Decl. ¶16.) Although captioned "Motion to Withdraw" due to limitations on the Court's e-filing system, this filing was intended to serve as notice to the Court that (1) Defendant GES intended to proceed *pro se* due to financial constraints that prevented its owners, Mr. and Mrs. Goode, from securing local counsel to represent GES before this Court, and, accordingly, (2) undersigned counsel was no longer authorized by its client to apply—and thus no longer was applying—to appear *Pro Hac Vice*. (*Id.*; *see also* Yanaros Decl. ¶11; Goode Decl. ¶¶15-16.)

Consistent with this filing and Mr. Goode's instructions, Mr. Goode mailed to the Court Defendant GES's Answer to the Complaint on November 24, 2023. (Goode Decl. ¶¶17-18, Ex. 2.) As this Court noted in its January 1, 2024 Order denying the "Motion to Withdraw", it appears the Answer was not accepted and not ultimately filed in the case. (Dkt. 33.) At this time, the Court also ruled, citing Civil Local Rule 3-9(b), that Defendant GES as a corporation could not appear *pro se* through its owner Mr. Goode, who is not admitted to practice law in this District. (*Id.*) Defendant GES continued its attempt to secure local counsel after the Order but to no avail. (Yanaros Decl. ¶¶6-7; Goode Decl. ¶¶7-8.)

## II. Because GES is insolvent, Court may appoint Counsel under the Pro Bono Project

GES is insolvent and, as explained above, is not—and never has been—represented by counsel licensed to practice in this Court. Per this Court's Order, GES must be represented by counsel licensed to practice in front of this Court.[2] In this case, appointment of counsel under General Order 25 is appropriate. *See Erickson Prods. v. Kast*, 13-cv-05472-DMR (N.D. Cal. Aug. 29, 2023). Because, as explained herein, GES is insolvent and meets the requirements under General Order 25, GES may be appointed counsel under the Pro Bono Project.

To be eligible for appointment of pro bono counsel through the Project, a civil case must meet the following criteria:

---

[2] However, "[a]n attorney may be allowed to withdraw without offending the rule against corporate self-representation." *Ferruzzo v. Superior Court*, 104 Cal.App.3d 501, 504 (Cal. Ct. App. 1980). After so done, it is up to the judge to advise the representative of the corporation of the necessity to be represented by an attorney. *Van Gundy v. Camelot Resorts, Inc.*, 152 Cal.App.3d Supp. 29, 31-32 (Cal. Super. 1983).

      1. The unrepresented litigant must be in propria persona;

      2. The unrepresented litigant must not have the financial resources to retain counsel;

      3. The unrepresented litigant must have used reasonable efforts to retain private counsel such as through a California State Bar-approved lawyer referral service or have demonstrated that such efforts would be futile; and

      4. The referring judge must determine the case merits pro bono representation (this does not mean determining that the litigant is likely to prevail on the merits, but that the litigant's claims are cognizable and the factual and legal issues warrant proper presentation to the Court with the assistance of an attorney).

General Order 25(I)(A).

GES has never been represented by counsel in this case. (Yanaros Decl. ¶5; Goode Decl. ¶6.) GES does not have the financial resources to retain counsel. (Yanaros Decl. ¶8; Goode Decl. ¶¶9-11,14.) Since the inception of this case, GES has used reasonable efforts to retain private counsel. (Yanaros Decl. ¶¶6-7,9; Goode Decl. ¶¶7-8,12,20.) GES respectfully requests this Court determine the case merits pro bono representation, and appoint counsel so that GES may be represented in the instant action.

**III.    Plaintiff Was Required to Provide Notice and Conduct a Meet and Confer in Good Faith Prior to Filing Its Motion for Leave to Amend.**

Although Plaintiff filed Notices of Entry of Default on November 27, 2023 against both Defendants—merely three days after receiving notice that Mr. Goode would mail the Answer on behalf of GES on November 24, 2023, the response deadline, to the Court (Dkts. 26-28), Plaintiff did not pursue —and the Court has not entered—a final default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. Since Defendant GES is still a party in this case, Plaintiff is not excused from providing notice to Defendant GES and otherwise complying with its obligations under the Federal Rules of Civil Procedure and Local Rules, including its obligations to Meet and Confer in good faith with respect to its Motion. (Dkt. 34.)

- 4 -

Defendant Goode Enterprise Solutions Inc.'s Notice to the Court. Case No.: 3:23-CV-02518-JD

Plaintiff was provided with the means to provide notice and request a Meet and Confer directly with Defendant GES. On November 24, 2023, at GES's request, undersigned counsel sent an email to Plaintiff's counsel, Mr. Treschsel, specifically providing him with the email addresses of GES's co-owners, Mr. and Mrs. Goode:

> Hi Frank,
>
> I am looping you in with the owners of my client, Mr. and Mrs. Goode. I just filed my motion to withdraw, per our conversation, and they will proceed pro se.
>
> Please let me know if I can help with anything. I hope you had a good Thanksgiving.

(Yanaros Decl. ¶12 & Ex.1; Goode Decl. ¶19.) Undersigned counsel also remained available to assist to the extent needed to communicate with Defendant and its owners. (*Id.*) Additionally on November 24, 2024, Defendant GES attempted to file its Answer via the e-filing system and, when unsuccessful, by mailing it via UPS to the Court. (Yanaros Decl. ¶13, Ex.2; Goode Decl. ¶¶17-18, Ex. 2.)

Plaintiff at no time attempted to notify or otherwise communicate with Defendant GES—*either directly or through undersigned counsel*—prior to filing its Motion, despite having the means to do so. (Yanaros Decl. ¶15; Goode Decl. ¶21-22; *see also* Dkt. 34 at iii (representing that the only reason "Neff is unable to stipulate with SBA and Goode regarding his intent to amend [is] due to SBA and Goode being in default"). Plaintiff's justification for not complying with its notice and Meet and Confer obligations (*i.e.*, GES "being in default") is legally incorrect and contrary to the Federal Rules of Civil Procedure. After filing its Entry of Default against GES on November 27, 2023, Plaintiff never moved for entry of a default judgment or otherwise comply with the notice and hearing requirements under Federal Rule 55(b). (*See generally* Docket & Dkts. 27,29; O'Connor's Fed. R. Civ. Trial Ch.7-A §2 (discussing entry of default versus entry default judgment).) Thus, no such default *judgment* has been entered. And, as Plaintiff is aware, Defendant GES has every intention of defending itself but has been unable to do so in light of (1) the Court's Order finding that Mr. Goode cannot represent GES because he

- 5 -
Defendant Goode Enterprise Solutions Inc.'s Notice to the Court. Case No.: 3:23-CV-02518-JD

is not a member of the bar in this District, and (2) its financial situation rendering it unable to secure local counsel as ordered by the Court.[3]

Absent entry of a default judgment under Federal Rule 55(b), Defendant GES is still a party to this lawsuit. (*See generally* O'Connor's Fed. R. Civ. Trial Ch.7-A §3.4 (discussing defendant's objections and actions to otherwise defend and avoid entry of default and default judgment).) Moreover, Plaintiff's Motion renders moot not only the original Complaint, but also the Entry of Default. *See, e.g., Am. Advisors Grp. v. Robinson*, Case No. 5:19-CV-71-RWS-CMC, 2019 WL 8331433 at *4 (E.D. Tex. Dec. 30, 2019) (citing cases holding that filing of amended complaint moots clerk's entry of default and pending motions for default judgment).

### IV. Defendant GES Submits its Answers for the Court's Consideration and Filing.

In light of the above procedural history and out of an abundance of caution due to the Court's Order, undersigned counsel submits this Notice and supporting documentation for the Court's consideration at the request of Defendant GES:

(1) Defendant GES requests the Court consider referring the case to the Project for appointment of *pro bono* counsel pursuant to this Court's General Order No. 25, in light of (1) Defendant GES's financial circumstances, (2) Defendant GES has made reasonable efforts for more than 5 months to retain private local counsel but has been unsuccessful, (3) the Court denied Defendant GES's request to represent itself *pro se*, and (4) that GES did not initiate this legal proceeding but rather is a defendant with viable affirmative defenses (*See generally supra*, Goode Decl. Exs. 1-3 (Answers), *Pro Se* Handbook at 6, General Order No. 25, and https://www.cand.uscourts.gov/pro-se-litigants/ ("In rare cases, the court sometimes appoints attorneys to assist in civil cases.").) Alternatively, Defendant GES requests guidance from the Court as to other options available to Defendant GES to allow Defendant to present a defense in this case.

(2) Defendant GES requests that the Court set aside the Entry of Default (Dkt. 29).

---

[3] Had a default judgment been entered, Defendant GES would have requested the Court set aside the judgment for good cause under Rule 60(b).

(3) In the event Plaintiff's Motion for Leave is denied, Defendant GES requests the Court consider providing Defendant GES with an opportunity to file its Answer attached as Exhibit 2 to Goode's Declaration either through appointed local counsel and/or undersigned counsel. (*See supra* Request (1) and *infra* Request (4).)

(4) In the event Plaintiff's Motion for Leave is granted, Defendant GES requests the Court consider accepting for filing its Answer to the First Amended Complaint attached as Exhibit 3 to Goode's Declaration.

(5) Until such time as local counsel is appointed or otherwise appears on behalf of Defendant GES, Defendant GES requests the Court consider allowing undersigned counsel to file electronically all papers on behalf of Defendant GES and serve all papers from the Court and Plaintiff on Defendant GES for forwarding purposes only. Thereafter, Defendant GES requests the Court correct the Docket to remove undersigned counsel as counsel of record for GES.

Date: May 10, 2024

Respectfully submitted,

YANAROS LAW P.C.

By: */s/ Valerie Yanaros*

On Behalf Of Defendant
GOODE ENTERPRISE SOLUTIONS INC.

- 7 -

Defendant Goode Enterprise Solutions Inc.'s Notice to the Court. Case No.: 3:23-CV-02518-JD

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, at the request and on behalf of Goode Enterprise Solutions, Inc., the foregoing document was filed with the clerk of the court for the U.S. District Court, Northern District of California, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means, including:

Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

                                                  /s/ Valerie Yanaros, Esq.
                                                 VALERIE YANAROS, ESQ.

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 10, 2024, at the request and on behalf of Goode Enterprise Solutions, Inc., I conferred with counsel for Plaintiff who is opposed and will object to this motion.

                                                  /s/ Valerie Yanaros, Esq.
                                                 VALERIE YANAROS, ESQ.

Defendant Goode Enterprise Solutions Inc.'s Notice to the Court. Case No.: 3:23-CV-02518-JD