1  Valerie Yanaros (Texas SBN 24075628, Not Admitted in California)
   valerie@yanaroslaw.com
2  YANAROS LAW P.C.
   8300 Douglas Ave., Suite 800
3  Dallas, Texas 75225
   Tel.: (512) 826-7553
4
   On Behalf of Defendant
5  Goode Enterprise Solutions Inc.

6

7

8

9              **UNITED STATES DISTRICT COURT**

10           **FOR THE DISTRICT OF CALIFORNIA**

11

12  Dustin Neff, an individual,                )  Case No.: 3:23-cv-02518-JD
                                               )
13                      Plaintiff,             )  **DECLARATION OF JAMES COREY**
                                               )  **GOODE**
14           vs.                               )
                                               )
15                                             )  Complaint Filed: May 24, 2023
    SBA Entertainment, LLC, a Colorado         )
16  limited liability company; Goode           )
    Enterprise Solutions Inc., a Colorado      )
17  corporation; and Does 1-10, inclusive,     )
                                               )
18                                             )
                                               )
19                      Defendants.            )
                                               )

20

21

22

23

24

25

26

27

28
    _____

1

2

3

**DECLARATION OF JAMES COREY GOODE**

4

5    I, Mr. James Corey Goode, do declare and state as follows: I am above eighteen (18) years of

6  age and not a party to this action. I am Defendant Goode Enterprise Solution's ("GES") co-owner

7  and if called upon could and would competently testify to the following:

8    1. I received notice of this action towards the end of June 2023 through my agent for service

9       of process.

10   2. After we received a copy of the complaint in this action (the "Complaint") we contacted

11      our intellectual property attorney, Ms. Valerie Yanaros, and requested that she represent

12      GES for purposes of settlement negotiations in this matter. She has represented me, my

13      wife, and our various companies in the past.

14   3. We know that Ms. Yanaros is an attorney licensed in the state of Texas but has been

15      admitted to practice pro hac vice in Colorado and other states. She is not, however,

16      licensed in California and is not otherwise authorized to practice before the U.S. District

17      Court for the Northern District of California. She advised me of this and my need to retain

18      local counsel to act as counsel of record. After I could procure local counsel, if authorized

19      by GES, she could file a motion to appear Pro Hac Vice. She stated that local counsel

20      would be necessary for her to continue representing GES in the federal case pending in

21      the Northern District of California.

22   4. We instructed Ms. Yanaros to reach out via email to the attorney of record for Plaintiff,

23      Scott Burroughs, to attempt to settle the case.

24   5. While engaged in settlement discussions, Ms. Yanaros worked with Plaintiff's counsel to

25      secure multiple Stipulations with Proposed Orders for extensions of time for the parties to

26      continue settlement discussions and for GES to find local counsel to file its Answer to the

27      Complaint. (Dkts. 9,19-20,24.) Through these submissions, she made it clear in the

28      signature block that any representation in this matter was contingent on Defendant GES

securing local counsel and, if authorized by GES, her subsequent "Appl[ication] to appear Pro Hac Vice in the Northern District of California."

6. Since GES was never able to secure local counsel, Ms. Yanaros never filed a motion to appear Pro Hac Vice, as the local rules did not allow for it. However, she did act as a conduit for filings for extensions of time solely as authorized by GES for purposes of negotiating settlement discussions.

7. While Ms. Yanaros and Plaintiff's counsel were engaged in settlement discussions, I worked with Mr. and Mrs. Goode to find local counsel for GES so it could file its response to Plaintiff's Complaint.

8. Ms. Yanaros spoke with various counsel that were admitted to practice in the Northern District of California to hire them as local counsel in this action.

9. During Ms. Yanaros' conversations with potential local counsel, my business and family encountered financial difficulties and hardships that made it impossible for us to afford local counsel. GES received revenue almost solely through distributions paid by Chicken Soup for Soul Entertainment, Inc. ("CSSE") for documentaries that GES produced. CSSE has not paid GES for almost a year.

10. GES is insolvent since its film distributor (and now, as I understand it, to be a Defendant in this action, see Dkt. 34-2 at 2) CSSE ceased paying GES in May of 2023.

11. GES has had no steady income since CSSE's payments ceased. GES has not been able to pay legal fees or other vendors since last year. Our financial situation makes it impossible to be able to afford legal fees.

12. All efforts to procure local counsel were unsuccessful.

13. In addition, the parties were not able to reach a settlement.

14. Eventually, we were unable to pay for counsel and were struggling financially to keep GES solvent.

15. It became apparent to us that I needed to appear on behalf of GES or have counsel appointed for me. To do so, I would need to release Ms. Yanaros as counsel and proceed *pro se*.

16. GES consented for Ms. Yanaros to file a "Motion to Withdraw" (Dkt. 26) to notify the Court that (1) GES intended to proceed *pro se* due to financial constraints that prevented its owners, Mr. and Mrs. Goode, from securing local counsel to represent GES before this Court, and (2) consistent with GES's intent and instructions, Ms. Yanaros no longer intended to apply to appear *Pro Hac Vice*.

17. Because I was unable to procure local counsel, and to meet the court deadline, I attempted to file GES's Answer to the Complaint via *pro se* efiling but encountered a message that stated I was unable to efile because Ms. Yanaros was still attorney of record. (See Yanaros Dec, Ex. 2.)

18. I then filed my answer to the Complaint via UPS mail on the date that our response was due, November 24, 2023. I mailed my Answer at UPS Store #2354 at 6525 Gunpark Dr. Ste. 370, Boulder, CO, 80301. It was mailed to the United States District Court of the Northern District of California using the address provided on the Court website: Clerk's Office Mailing Address & General Phone Number, United States District Court 450 Golden Gate Avenue, Box 36060. San Francisco, CA 94102-3489 415-522-2000. The tracking number is 1Z0F3Y340363776943. (See Yanaros Dec, Ex. 2.)

19. On the same date, November 24, 2023, Ms. Yanaros also sent an email to Plaintiff's counsel, Mr. Treschel, specifically providing him with my wife and my email addresses to facilitate future communications and make herself available to the extent needed. (See Yanaros Dec, Ex. 1).

20. When the Court ruled on Ms. Yanaros' motion to withdraw, denied it, and stated that I had not filed an answer to the Complaint, I continued to attempt to find local counsel that would represent GES so that my Answer could be e-filed. I was not able to find any local counsel that would appear pro bono.

21. Ms. Yanaros has connected both opposing counsel and me via email in order to facilitate the settlement or progression of this case (Ex. 2), however I have not received any response from counsel from Plaintiffs.

22. Plaintiff's counsel never contacted me regarding Amending its Complaint. Because Plaintiff has amended its Complaint, and because my previous Answer was not filed via UPS sent to the Court clerk, I am attempting to bring to this Court's attention to my Answer to the Complaint (attached hereto as Exhibit 1), Amended Answer to the Complaint (attached hereto as Exhibit 2) and now Answer to the Amended Complaint (Attached hereto as Exhibit 3).

23. I respectfully request this Court set aside the Default that this Court clerk has entered because I have attempted to answer the Complaint and its allegations and enter into the record my Answer to Complaint (Ex. 1), Amended Answer to Complaint (Ex. 2) and Answer to Amended Complaint (Ex. 3).

24. I understand that the Court's docket erroneously lists Ms. Yanaros as attorney of record for Defendant SBA Entertainment, LLC ("SBA") due an inadvertent filing error at Dkt 19. To my knowledge, she has never represented that Defendant in any capacity and has made no submissions or made any representations to this Court or opposing counsel in this respect. (See generally Court Docket; see also Dkt 15 (Joint Case Management Statement referring only to Defendant Goode's statement regarding Motions, settlement efforts, disclosures, etc.)) As reflected in the actual text of the submission, the Stipulation with Proposed Order listed as Docket 19 was filed on behalf of Defendant GES and the Docket entry reflects an inadvertent filing error when clicking on the website.

I declare under penalty of perjury under the law of the State of California and the United States of America that the foregoing is true and correct.

Executed this May 10, 2024 in Boulder, Colorado.

Date: May 10, 2024.

Respectfully submitted,
*/s/ James Corey Goode.*
James Corey Goode

DECLARATION OF MR. JAMES COREY GOODE

EXHIBIT 1

Filed by:
Valerie Yanaros (Texas SBN 24075628)
Yanaros Law P.C.
8300 Douglas Ave
Suite 800
Dallas, Texas 75225
(512) 826-7553
valerie@yanaroslaw.com


ON BEHALF OF:

DEFENDANT GOODE ENTERPRISE SOLUTIONS INC.


# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CALIFORNIA


| | |
|---|---|
| Dustin Neff, an individual,<br><br>                              Plaintiff,<br><br>         vs.<br><br>SBA Entertainment, LLC, a Colorado limited liability company; Goode Enterprise Solutions Inc., a Colorado corporation; and Does 1-10, inclusive,<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 3:23-cv-02518-JD

**DEFENDANT GOODE ENTERPRISE SOLUTIONS INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Complaint Filed: May 24, 2023

ANSWER AND AFFIRMATIVE DEFENSES

Defendant Goode Enterprise Solutions Inc. ("GES") by and through its agent and owner, Mr. James Corey Goode, hereby responds to Plaintiff Dustin Neff's Complaint:

## **INTRODUCTION**

1. GES does not possess knowledge or information sufficient to form a belief as to the allegations contained in allegation No. 1 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

2. GES denies, generally and specifically, the allegations contained in paragraph 2.

3. GES denies, generally and specifically, the allegations contained in paragraph 3.

## **JURISDICTION AND VENUE**

4. Allegation No. 4 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

5. Allegation No. 5 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

6. Allegation No. 6 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

## **PARTIES**

7. GES does not possess knowledge or information sufficient to form a belief as to the allegations contained in allegation No. 7 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

8. GES does not possess knowledge or information sufficient to form a belief as to the allegations contained in allegation No. 8 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

9. Defendant admits the allegation contained in paragraph 9.

10. GES does not possess knowledge or information sufficient to form a belief as to the allegations

contained in allegation No. 10 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

11. GES denies, generally and specifically, the allegations contained in paragraph 11.

## **CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPH**

12. GES denies, generally and specifically, the allegations contained in paragraph 12.

13. Allegation No. 13 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

14. GES does not possess knowledge or information sufficient to form a belief as to the allegations contained in allegation No. 14 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

15. GES does not possess knowledge or information sufficient to form a belief as to the allegations contained in allegation No. 15 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

16. GES denies, generally and specifically, the allegations contained in paragraph 16.

17. GES denies, generally and specifically, the allegations contained in paragraph 17.

18. GES denies, generally and specifically, the allegations contained in paragraph 18.

19. GES denies, generally and specifically, the allegations contained in paragraph 19.

20. GES denies, generally and specifically, the allegations contained in paragraph 20.

## **FIRST CLAIM FOR RELIEF**

21. Allegation No. 21 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

22. GES denies, generally and specifically, the allegations contained in paragraph 22.

23. Allegation No. 23 sets forth legal conclusions to which no response is required, but to the extent

ANSWER AND AFFIRMATIVE DEFENSES

a response is required, GES denies any allegations contained therein.

24. Allegation No. 24 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

25. Allegation No. 25 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

26. Allegation No. 26 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

27. GES denies, generally and specifically, the allegations contained in paragraph 27.

28. Allegation No. 28 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

### SECOND CLAIM FOR RELIEF

29. Allegation No. 29 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

30. Allegation No. 30 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

31. Allegation No. 31 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

32. Allegation No. 32 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

33. GES denies, generally and specifically, the allegations contained in paragraph 33.

34. Allegation No. 34 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

35. Allegation No. 35 sets forth legal conclusions to which no response is required, but to the extent

ANSWER AND AFFIRMATIVE DEFENSES

a response is required, GES denies any allegations contained therein.

## THIRD CLAIM FOR RELIEF

36. Allegation No. 36 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

37. Allegation No. 37 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

38. GES denies, generally and specifically, the allegations contained in paragraph 38.

39. GES denies, generally and specifically, the allegations contained in paragraph 39.

40. Allegation No. 40 sets forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein

41. GES denies, generally and specifically, the allegations contained in paragraph 41.

## PRAYER FOR RELIEF

GES denies Plaintiff is entitled to any relief prayed for by Plaintiff. and therefore denies the same.

## AFFIRMATIVE DEFENSES

Defendant asserts and alleges the following affirmative defenses. By asserting these defenses, Defendant does not assume any burden of proof that she would not otherwise bear.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1) The allegations of Plaintiff's Complaint for failure to state a claim against this answering Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

- 5 -

2) Each and every cause of action in the Complaint if barred by the doctrine of estoppel

and waiver, due to the Plaintiff's own ratification of the actions of the answering Defendant,

thereby estopping Plaintiff from complaining of damages, if any.

**THIRD AFFIRMATIVE DEFENSE**

(Unclean Hands)

3) Defendant alleges that each cause of action of the Complaint is barred by virtue of Plaintiff's

contributory willful misconduct and/or negligence in causing or contributing to the damages alleged

therein under the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

(Laches)

4) Each and every cause of action in the Complaint is barred by the Doctrine of Laches

**FIFTH AFFIRMATIVE DEFENSE**

(Fraud)

5) Each and every cause of action in the complaint is barred by the doctrine of Fraud as

Plaintiff falsely represented material facts, with knowledge of its untruth, with an intent to

deceive Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

(Duress)

6) Each and every cause of action in the Complaint is barred because with respect to any alleged

intentional or negligent acts, this answering Defendant was acting under duress.

**SEVENTH AFFIRMATIVE DEFENSE**

(Duress)

7) Each and every cause of action in the Complaint is barred under the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

(Parole Evidence/Statute of Frauds)

8) Each and every cause of action is barred by the parole evidence rule. The writings are a complete representation of the final written understanding between the parties, and as such, cannot be contradicted or modified by any oral statements or extrinsic agreements that are inadmissible in a court of law. Each and every cause of action is barred on the ground that, it was not reduced to writing and signed by the party to be charged, as required by Section 1624 (a) of the Civil Code and Section 1971 of the California Code of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

9) Each and every cause of action is barred under the doctrine of accord and satisfaction. Plaintiff agreed to accept, as complete satisfaction of the contract, performance different from that originally due under the contract.

## TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

10) Each and every cause of action in the Complaint is barred either in whole or in part by operation of the applicable statutes of limitations including, but not limited to, those contained in California Code of Civil Procedure sections 337, 338, 339, 340, 343, 359 and California Government Code sections 12960 and 12965.

## ELEVENTH AFFIRMATIVE DEFENSE

ANSWER AND AFFIRMATIVE DEFENSES

(Fraud in the Inducement)

11) Each and every cause of action is barred on the ground that, if any contract between Defendant and Plaintiff existed, which Defendant denies, Plaintiff fraudulently induced Defendant into entering into the contract, and Defendant would not have entered into the contract but for Plaintiff's fraudulent inducement.

## TWELFTH AFFIRMATIVE DEFENSE

(Undue Influence)

12) Each and every cause of action is barred on the ground that, if any contract between Defendant(s) and Plaintiff(s) existed, which Defendant(s) deny, Defendant(s)' consent to the contract was obtained by virtue of undue influence.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Nonperformance)

13) Each and every cause of action is barred on the ground that, if any contract between Defendant(s) and Plaintiff(s) existed, which Defendant(s) deny, Plaintiff(s) failed to fulfill his/her obligations under the contract.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Mistake of Fact)

14) Each and every cause of action is barred on the ground that, if any contract between Defendant(s) and Plaintiff(s) existed, which Defendant(s) deny, Defendant(s) entered into said contract under a unilateral mistake as to the underlying facts.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Latent Ambiguity/Unilateral Mistake)

ANSWER AND AFFIRMATIVE DEFENSES

15) Each and every cause of action is barred on the ground that, if any contract between

Defendant(s) and Plaintiff(s) existed, which Defendant(s) denies, said contract contains a

material latent ambiguity, not obvious to Defendant(s) at the time the contract was entered into.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Privilege in Relation to an Inference with Contract or Prospective Business Advantage Claim)

16) The answering Defendant was privileged in relation to an inference with a contract between

defendant(s) and Plaintiff(s) in doing any/or all of the prospective business advantage

acts alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Proximate Cause)

17) Defendant asserts the defense of comparative fault and allege that the damages and injuries

alleged in Plaintiffs' Complaint were legally or proximately caused

in whole or in part by the negligence, fault, negligence per se, assumption of the risk, misuse

and culpable conduct of Plaintiffs or other persons or parties, over whom Defendants did not

exercise control or have legal responsibility, who failed to exercise the same degree of care and

caution, as well as common sense, for their safety, as would have been exercised by persons

using ordinary care, caution, and common sense in the same or similar circumstances, barring

some or all recovery herein. Such damages and injuries were not caused by the acts or

omissions of Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Due Care)

18) Defendant alleges that they at all times acted with due care and in compliance with all statutory

and contractual responsibilities and did not breach any legal

duties owed to Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

(Attorney's Fees)

19) The Plaintiff's claim for Attorney's Fees or Cost of Suit is not authorized by statute or by

contract, and is therefore improper

### TWENTITETH AFFIRMATIVE DEFENSE

(Absolute Privilege)

20) The answering Defendant was privileged in doing any/or all of the acts alleged in the

Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Reservation of Right to Assert Additional Affirmative Defenses)

21) The Complaint and each cause of action contained therein is stated in conclusionary terms and,

therefore, this answering defendant cannot fully participate all of the affirmative defenses that may

be applicable to this action. Accordingly, the answering Defendant reserves their right to add

additional affirmative defenses as may be appropriate.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Uncertainty)

22) The Plaintiffs' Complaint was uncertain.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Good Faith)

23) The Defendant alleges that it acted in good faith and did not directly or indirectly

perform any acts or failed to perform any acts whatsoever which would constitute a violation of

duty or breach of duty, if any was owed to the Plaintiffs by the Defendants sounding in either

contract or tort.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Indefiniteness)

24) Each and every cause of action is barred on the ground that, if any contract between the

parties existed, which the answering Defendant denies, the terms of the alleged contract are too

indefinite to be enforced.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Performance of Contract Excused)

27) Defendant alleges that their performance of any contract alleged in the Complaint was excused,

prevented, and/or hindered by the action(s) or omission(s)

of the Plaintiff.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(No Promises, Warranties, or Representations)

26) Defendant alleges that at no time mentioned in Plaintiffs' Complaint did Plaintiff relied on any

promises, warranties, express or implied, or representations which may have been made by

Defendants, its agents, servants, representatives, or predecessors in interest, in connection with the

matters alleged in Plaintiffs' Complaint.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

27) Defendant alleges that Plaintiff failed to mitigate damages, which they contend they suffered

and is therefore barred from recovery.

- 11 -

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Condition Precedent, Concurrent, or Subsequent)

28) Defendant alleges that Plaintiff's operative Complaint and each cause of action therein is barred in whole or in part because of the failure to perform a necessary condition precedent, concurrent, or subsequent.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Substantial Truth)

31) The Plaintiff's operative Complaint and each cause of action therein is barred in whole or in part because of the presence of knowing and or reckless falsity that renders Plaintiff's statements to be not substantially true.

Date: November 10th, 2023.                    Respectfully submitted,
                                              */s James Corey Goode*

                                              Filed by: Valerie Yanaros, Esq.
                                              Texas Bar No. 24075628
                                              Yanaros Law, P.C.
                                              8300 Douglas Avenue Suite 800
                                              Dallas, Texas 75225
                                              Telephone: (512) 826-7553
                                              valerie@yanaroslaw.com

ANSWER AND AFFIRMATIVE DEFENSES

**ATTESTATION**

Concurrence in the filing of this document has been obtained from each of the individual(s) whose electronic signature is attributed above.

By_ /s/ Valerie Yanaros_____
Valerie Yanaros
Attorney for Defendant,
Goode Enterprise Solutions, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10th, 2023, the foregoing document was filed with the clerk of the court for the U.S. District Court, Northern District of California, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means, including:

Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

__/s/ Valerie Yanaros, Esq.__
VALERIE YANAROS, ESQ.

ANSWER AND AFFIRMATIVE DEFENSES

EXHIBIT 2

Valerie Yanaros (Texas SBN 24075628, Not Admitted in California)
valerie@yanaroslaw.com
YANAROS LAW P.C.
8300 Douglas Ave., Suite 800
Dallas, Texas 75225
Tel.: (512) 826-7553

On Behalf of Defendant
Goode Enterprise Solutions Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| DUSTIN NEFF,<br><br>       Plaintiff,<br><br>    vs.<br><br>SBA ENTERTAINMENT, LLC, a Colorado limited liability company; GOODE ENTERPRISE SOLUTIONS INC., a Colorado corporation, and Does 1-10, inclusive,<br><br><br>       Defendants. | Case Number: 3:23-cv-02518-JD<br><br>**GOODE ENTERPRISE SOLUTIONS INC.S' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

GES ANSWER AND DEFENSES TO ORIGINAL COMPL. Case No.: 3:23-CV-02518-JD

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Goode Enterprise Solutions Inc. ("Defendant" or "GES") hereby submits its answer to the Plaintiff's Complaint ("Complaint") of Plaintiff Dustin Neff ("Plaintiff"). Any allegations in the Complaint not specifically admitted by Defendant are hereby denied.

## INTRODUCTION

1.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

2.     GES denies, generally and specifically, the allegations contained in paragraph 2 of the Complaint.

3.     GES denies, generally and specifically, the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.     Allegations contained in paragraph 4 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

5.     Allegations contained in paragraph 5 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

6.     Allegations contained in paragraph 6 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

## PARTIES

7.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

GES ANSWER AND DEFENSES TO ORIGINAL COMPL. Case No.: 3:23-CV-02518-JD

8.      GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

9.      GES admits the allegation contained in paragraph 9 of the Complaint.

10.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

11.     GES denies, generally and specifically, the allegations contained in paragraph 11 of the Complaint.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPH

12.     GES denies, generally and specifically, the allegations contained in paragraph 12 of the Complaint.

13.     Allegations contained in paragraph 13 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

14.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

15.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

16.     GES denies, generally and specifically, the allegations contained in paragraph 16 of the Complaint.

17.     GES denies, generally and specifically, the allegations contained in paragraph 17 of the Complaint.

18.     GES denies, generally and specifically, the allegations contained in paragraph 18 of the Complaint.

GES ANSWER AND DEFENSES TO ORIGINAL COMPL. Case No.: 3:23-CV-02518-JD

19.     GES denies, generally and specifically, the allegations contained in paragraph 19 of the Complaint.

20.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint, but to the extent a response is required, denies any allegations contained therein.

## FIRST CLAIM FOR RELIEF

21.     GES restates and incorporates its responses to the allegations set forth in the preceding paragraphs.

22.     GES denies, generally and specifically, the allegations contained in paragraph 22 of the Complaint.

23.     GES denies, generally and specifically, the allegations contained in paragraph 23 of the Complaint.

24.     GES denies, generally and specifically, the allegations contained in paragraph 24 of the Complaint.

25.     GES denies, generally and specifically, the allegations contained in paragraph 25 of the Complaint.

26.     GES denies, generally and specifically, the allegations contained in paragraph 26 of the Complaint.

27.     GES denies, generally and specifically, the allegations contained in paragraph 27 of the Complaint.

28.     GES denies, generally and specifically, the allegations contained in paragraph 28 of the Complaint.

## SECOND CLAIM FOR RELIEF

29.     GES restates and incorporates its responses to the allegations set forth in the preceding paragraphs.

30.     GES denies, generally and specifically, the allegations contained in paragraph 30 of the Complaint.

EXHIBIT 1

GES ANSWER AND DEFENSES TO ORIGINAL COMPL. Case No.: 3:23-CV-02518-JD

31.     GES denies, generally and specifically, the allegations contained in paragraph 31 of the Complaint.

32.     GES denies, generally and specifically, the allegations contained in paragraph 32 of the Complaint.

33.     GES denies, generally and specifically, the allegations contained in paragraph 33 of the Complaint.

34.     GES denies, generally and specifically, the allegations contained in paragraph 34 of the Complaint.

35.     GES denies, generally and specifically, the allegations contained in paragraph 35 of the Complaint.

**THIRD CLAIM FOR RELIEF**

36.     GES restates and incorporates its responses to the allegations set forth in the preceding paragraphs.

37.     GES denies, generally and specifically, the allegations contained in paragraph 37 of the Complaint.

38.     GES denies, generally and specifically, the allegations contained in paragraph 38 of the Complaint.

39.     GES denies, generally and specifically, the allegations contained in paragraph 39 of the Complaint.

40.     GES denies, generally and specifically, the allegations contained in paragraph 40 of the Complaint.

41.     GES denies, generally and specifically, the allegations contained in paragraph 41 of the Complaint.

**PRAYER FOR RELIEF**

GES denies Plaintiff is entitled to any relief prayed from by Plaintiff and therefore denies the same.

GES ANSWER AND DEFENSES TO ORIGINAL COMPL. Case No.: 3:23-CV-02518-JD

## AFFIRMATIVE DEFENSES

Defendant asserts and alleges the following affirmative defenses.  By asserting these defenses, Defendant does not assume any burden of proof that it would not otherwise bear. The Complaint and each cause of action contained therein is stated in conclusionary terms and, therefore, the Defendant cannot fully anticipate all of the affirmative defenses that may be applicable to this action. Accordingly, the Defendant reserves its right to add additional affirmative defenses as may be appropriate.

### FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1.     No Valid U.S. Copyright Registration - Plaintiff lacks standing to bring a claim of copyright infringement against Defendant, which requires a valid U.S. Copyright Registration for the copyright at issue prior to commencement of this lawsuit in federal court.

### SECOND AFFIRMATIVE DEFENSE

(Non-Infringement of Alleged Asserted Copyright)

2.     Defendant has not infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable copyright asserted by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

(Invalidity)

3.     Any alleged copyright registrations at issue in this lawsuit are invalid because the asserted copyrights lack copyrightable subject matter and/or are not original to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

(Fair Use)

4.     Any alleged use of the copyright in the Complaint by the Defendant was authorized under 17 U.S.C. § 107.

### FIFTH AFFIRMATIVE DEFENSE

(Innocent Infringement)

5.     The claims made in the Complaint are barred, in whole or part, because any infringement, if any, was innocent.

GES ANSWER AND DEFENSES TO ORIGINAL COMPL. Case No.: 3:23-CV-02518-JD

**SIXTH AFFIRMATIVE DEFENSE**

(License or Authorized Use)

6.      Plaintiff's claims are barred to the extent the allegedly unlawful or infringing use of Plaintiff's copyright(s) at issue in this lawsuit was licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

7.      The allegations of the Complaint fail to state a claim against the Defendant upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

(Waiver and Estoppel)

8.      Each and every cause of action in the Complaint is barred by the doctrine of estoppel and waiver, due to Plaintiff's own ratification of the actions of the Defendant, thereby estopping Plaintiff from complaining of damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

9.      Defendant alleged that each cause of action in the Complaint is barred by virtue of Plaintiff's contributory willful misconduct and/or negligence in causing or contributing to the damages alleged therein under the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

(Laches)

10.      Each and every cause of action in the Complaint is barred by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

11.      Each and every cause of action in the Complaint is barred under the applicable statute of limitations.

GES ANSWER AND DEFENSES TO ORIGINAL COMPL. Case No.: 3:23-CV-02518-JD

## TWELTH AFFIRMATIVE DEFENSE

(Proximate Cause)

12.     Defendant asserts the defense of comparative fault and allege that the damages and injuries alleged in the Complaint were legally or proximately caused in whole or in part by the negligence, fault, negligence per se, assumption of the risk, misuse and culpable conduct of Plaintiff or other persons or parties, over whom Defendant did not exercise control or have legal responsibility, who failed to exercise the same degree of care and caution, as well as common sense, for their safety, as would have been exercised by persons using ordinary care, caution, and common sense in the same or similar circumstances, barring some or all recovery herein. Such damages and injuries were not caused by the acts or omissions of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Attorney's Fees)

13.     Plaintiff's claim for attorney's fees or cost of suit is not authorized by statute or by contract, and therefore is improper.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

14.     Defendant alleges that Plaintiff failed to mitigate damages, which Plaintiff contends he suffered and is therefore barred from recovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Basis for Grant of Equitable Relief)

15.     No basis exists for the grant of equitable relief because Defendants has an adequate remedy at law, the balance of the hardships favors no injunction, and the public interest would not be served by an injunction.

Date: May 9, 2024                         Respectfully submitted,

                                          YANAROS LAW P.C.

                                          By: */s/ Valerie Yanaros*

                                          On Behalf Of Defendant
                                          GOODE ENTERPRISE SOLUTIONS INC.

GES ANSWER AND DEFENSES TO ORIGINAL COMPL. Case No.: 3:23-CV-02518-JD

EXHIBIT 3

1  Valerie Yanaros (Texas SBN 24075628, Not Admitted in California)
   valerie@yanaroslaw.com
2  YANAROS LAW P.C.
   8300 Douglas Ave., Suite 800
3  Dallas, Texas 75225
   Tel.: (512) 826-7553
4
   On Behalf of Defendant
5  Goode Enterprise Solutions Inc.

6

7

8

9                   **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11                      **SAN FRANCISCO DIVISION**

12
                                          )
13  DUSTIN NEFF,                           )   Case Number: 3:23-cv-02518-JD
                                          )
14                                         )
              Plaintiff,                   )   **GOODE ENTERPRISE SOLUTIONS**
15                                         )   **INC.S' ANSWER AND DEFENSES TO**
          vs.                              )   **PLAINTIFF'S FIRST AMENDED**
16                                         )   **COMPLAINT**
    SBA ENTERTAINMENT, LLC, a Colorado     )
17  limited liability company; GOODE       )
    ENTERPRISE SOLUTIONS INC., a           )
18  Colorado corporation, CHICKEN SOUP FOR )
    THE SOUL ENTERTAINMENT, INC., a        )   **JURY TRIAL DEMANDED**
19  Delaware corporation, TOFG LLC d/b/a   )
    1091, a Delaware limited liability company, )
20  and Does 1-10, inclusive,              )
                                          )
21                                         )
                                          )
22             Defendants.                 )
                                          )
23
24
25
26
27
28
                                  – 1 –
    GES ANSWER AND DEFENSES TO FIRST AM. COMPL. Case No.: 3:23-CV-02518-JD

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Goode Enterprise Solutions Inc. ("Defendant" or "GES") hereby submits its answer to the First Amended Complaint ("FAC") of Plaintiff Dustin Neff ("Plaintiff").   Any allegations in the FAC not specifically admitted by Defendant are hereby denied.

**INTRODUCTION**

1.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the FAC, but to the extent a response is required, denies any allegations contained therein.

2.     GES denies, generally and specifically, the allegations contained in paragraph 2 of the FAC.

3.     GES denies, generally and specifically, the allegations contained in paragraph 3 of the FAC.

**JURISDICTION AND VENUE**

4.     Allegations contained in paragraph 4 of the FAC set forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

5.     Allegations contained in paragraph 5 of the FAC set forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

6.     Allegations contained in paragraph 6 of the FAC set forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

**PARTIES**

7.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the FAC, but to the extent a response is required, denies any allegations contained therein.

GES ANSWER AND DEFENSES TO FIRST AM. COMPL. Case No.: 3:23-CV-02518-JD

8.      GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the FAC, but to the extent a response is required, denies any allegations contained therein.

9.      GES admits the allegation contained in paragraph 9 of the FAC.

10.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the FAC, but to the extent a response is required, denies any allegations contained therein.

11.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of the FAC, but to the extent a response is required, denies any allegations contained therein.

12.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of the FAC, but to the extent a response is required, denies any allegations contained therein.

13.     GES denies, generally and specifically, the allegations contained in paragraph 13 of the FAC.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPH

14.     GES denies, generally and specifically, the allegations contained in paragraph 14 of the FAC.

15.     Allegations contained in paragraph 15 of the FAC set forth legal conclusions to which no response is required, but to the extent a response is required, GES denies any allegations contained therein.

16.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the FAC, but to the extent a response is required, denies any allegations contained therein.

17.     GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the FAC, but to the extent a response is required, denies any allegations contained therein.

GES ANSWER AND DEFENSES TO FIRST AM. COMPL. Case No.: 3:23-CV-02518-JD

18.    GES denies, generally and specifically, the allegations contained in paragraph 18 of the FAC.

19.    GES denies, generally and specifically, the allegations contained in paragraph 19 of the FAC.

20.    GES denies, generally and specifically, the allegations contained in paragraph 20 of the FAC.

21.    GES denies, generally and specifically, the allegations contained in paragraph 21 of the FAC.

22.    GES does not possess knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the FAC, but to the extent a response is required, denies any allegations contained therein.

## **FIRST CLAIM FOR RELIEF**

23.    GES restates and incorporates its responses to the allegations set forth in the preceding paragraphs.

24.    GES denies, generally and specifically, the allegations contained in paragraph 24 of the FAC.

25.    GES denies, generally and specifically, the allegations contained in paragraph 25 of the FAC.

26.    GES denies, generally and specifically, the allegations contained in paragraph 26 of the FAC.

27.    GES denies, generally and specifically, the allegations contained in paragraph 27 of the FAC.

28.    GES denies, generally and specifically, the allegations contained in paragraph 28 of the FAC.

29.    GES denies, generally and specifically, the allegations contained in paragraph 29 of the FAC.

30.    GES denies, generally and specifically, the allegations contained in paragraph 30 of the FAC.

GES ANSWER AND DEFENSES TO FIRST AM. COMPL. Case No.: 3:23-CV-02518-JD

1

2

**SECOND CLAIM FOR RELIEF**

3

4

31.     GES restates and incorporates its responses to the allegations set forth in the preceding paragraphs.

5

6

32.     GES denies, generally and specifically, the allegations contained in paragraph 32 of the FAC.

7

8

33.     GES denies, generally and specifically, the allegations contained in paragraph 33 of the FAC.

9

10

34.     GES denies, generally and specifically, the allegations contained in paragraph 34 of the FAC.

11

12

35.     GES denies, generally and specifically, the allegations contained in paragraph 35 of the FAC.

13

14

36.     GES denies, generally and specifically, the allegations contained in paragraph 36 of the FAC.

15

16

37.     GES denies, generally and specifically, the allegations contained in paragraph 37 of the FAC.

17

**THIRD CLAIM FOR RELIEF**

18

19

38.     GES restates and incorporates its responses to the allegations set forth in the preceding paragraphs.

20

21

39.     GES denies, generally and specifically, the allegations contained in paragraph 39 of the FAC.

22

23

40.     GES denies, generally and specifically, the allegations contained in paragraph 40 of the FAC.

24

25

41.     GES denies, generally and specifically, the allegations contained in paragraph 41 of the FAC.

26

27

42.     GES denies, generally and specifically, the allegations contained in paragraph 42 of the FAC.

28

GES ANSWER AND DEFENSES TO FIRST AM. COMPL. Case No.: 3:23-CV-02518-JD

43.     GES denies, generally and specifically, the allegations contained in paragraph 43 of the FAC.

## PRAYER FOR RELIEF

GES denies Plaintiff is entitled to any relief prayed from by Plaintiff and therefore denies the same.

## AFFIRMATIVE DEFENSES

Defendant asserts and alleges the following affirmative defenses.  By asserting these defenses, Defendant does not assume any burden of proof that it would not otherwise bear. The FAC and each cause of action contained therein is stated in conclusionary terms and, therefore, the Defendant cannot fully anticipate all of the affirmative defenses that may be applicable to this action. Accordingly, the Defendant reserves its right to add additional affirmative defenses as may be appropriate.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

1.     No Valid U.S. Copyright Registration - Plaintiff lacks standing to bring a claim of copyright infringement against Defendant, which requires a valid U.S. Copyright Registration for the copyright at issue prior to commencement of this lawsuit in federal court.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement of Alleged Asserted Copyright)

2.     Defendant has not infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable copyright asserted by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

3.     Any alleged copyright registrations at issue in this lawsuit are invalid because the asserted copyrights lack copyrightable subject matter and/or are not original to Plaintiff.

GES ANSWER AND DEFENSES TO FIRST AM. COMPL. Case No.: 3:23-CV-02518-JD

## FOURTH AFFIRMATIVE DEFENSE

(Fair Use)

4.     Any alleged use of the copyright in the FAC by the Defendant was authorized under 17 U.S.C. § 107.

## FIFTH AFFIRMATIVE DEFENSE

(Innocent Infringement)

5.     The claims made in the FAC are barred, in whole or part, because any infringement, if any, was innocent.

## SIXTH AFFIRMATIVE DEFENSE

(License or Authorized Use)

6.     Plaintiff's claims are barred to the extent the allegedly unlawful or infringing use of Plaintiff's copyright(s) at issue in this lawsuit was licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to State a Claim)

7.     The allegations of the FAC fail to state a claim against the Defendant upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

8.     Each and every cause of action in the FAC is barred by the doctrine of estoppel and waiver, due to Plaintiff's own ratification of the actions of the Defendant, thereby estopping Plaintiff from complaining of damages, if any.

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

9.     Defendant alleged that each cause of action in the FAC is barred by virtue of Plaintiff's contributory willful misconduct and/or negligence in causing or contributing to the damages alleged therein under the doctrine of unclean hands.

GES ANSWER AND DEFENSES TO FIRST AM. COMPL. Case No.: 3:23-CV-02518-JD

## TENTH AFFIRMATIVE DEFENSE

(Laches)

10.     Each and every cause of action in the FAC is barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

11.     Each and every cause of action in the FAC is barred under the applicable statute of limitations.

## TWELTH AFFIRMATIVE DEFENSE

(Proximate Cause)

12.     Defendant asserts the defense of comparative fault and allege that the damages and injuries alleged in the FAC were legally or proximately caused in whole or in part by the negligence, fault, negligence per se, assumption of the risk, misuse and culpable conduct of Plaintiff or other persons or parties, over whom Defendant did not exercise control or have legal responsibility, who failed to exercise the same degree of care and caution, as well as common sense, for their safety, as would have been exercised by persons using ordinary care, caution, and common sense in the same or similar circumstances, barring some or all recovery herein. Such damages and injuries were not caused by the acts or omissions of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Attorney's Fees)

13.     Plaintiff's claim for attorney's fees or cost of suit is not authorized by statute or by contract, and therefore is improper.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

14.     Defendant alleges that Plaintiff failed to mitigate damages, which Plaintiff contends he suffered and is therefore barred from recovery.

GES ANSWER AND DEFENSES TO FIRST AM. COMPL. Case No.: 3:23-CV-02518-JD

1

### **FIFTEENTH AFFIRMATIVE DEFENSE**

2

(No Basis for Grant of Equitable Relief)

3

15.     No basis exists for the grant of equitable relief because Defendants has an adequate

4

remedy at law, the balance of the hardships favors no injunction, and the public interest would

5

not be served by an injunction.

6

7

8

Date: May 9, 2024                    Respectfully submitted,

9

                                     YANAROS LAW P.C.

10

                                     By: */s/ Valerie Yanaros*_____

11

                                     On Behalf Of Defendant

12

                                     GOODE ENTERPRISE SOLUTIONS INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GES ANSWER AND DEFENSES TO FIRST AM. COMPL. Case No.: 3:23-CV-02518-JD