Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN NEFF,<br><br>Plaintiff,<br><br>v.<br><br>SBA ENTERTAINMENT, LLC, et al.,<br><br>Defendants. | Case No.: 3:23-cv-02518-JD<br><u>Honorable James Donato Presiding</u><br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Supplemental Declaration of Frank R. Trechsel filed concurrently herewith]<br><br>Date: June 3, 2024<br>Time: 10:00 a.m.<br>Courtroom: 11 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should grant Plaintiff's motion if it answers the following question in the affirmative:

- Should leave to amend be freely granted pursuant to Fed. R. Civ. P. 15(a)(2) when there is no showing that the amendment is barred by undue prejudice, bad faith, or futility?

The answer is an unequivocal "yes."

Defendant Goode Enterprise Solutions, Inc.'s ("GES")[1] "Notice to Court of Status of Defendant GES's Representation and Plaintiff's Notice of Motion and Motion for Leave to File First Amended Complaint" fails to address the requirements of Fed. R. Ci. P. 15(a)(2) and instead appears to request pro bono appointment of counsel, withdrawal of their current counsel, and an order vacating their default entry, all in the guise of an opposition to Plaintiff's motion. None of these requests are proper procedurally or substantively and should be summarily ignored. Defendant has not shown any undue prejudice or that Plaintiff's proposed amendment is futile or made in bad faith. Amendment should be granted.

## II. ARGUMENT

### A. Factual Background

Plaintiff Dustin Neff ("Neff") served both named defendants in this matter on June 5, 2023. Dkts. 7, 8. Neff then agreed to five stipulations to continue Defendant GES's response by 30 days to facilitate settlement discussions. Dkts. 9, 11, 19, 20, and 24. In November 2023, GES's counsel attempted to withdraw. Dkt. 26. This motion was denied on January 10, 2024. Dkt. 33. Due to Defendants' failure to file an answer to Neff's complaint, Neff requested the Court enter default as to both defendants on November 27, 2023. Dkts. 27, 31. Default was entered as to both

---

[1] SBA Entertainment, LLC did not file an opposition.

- 1 -
REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Defendants. Dkts. 29, 32. Neither Defendant has contested default or contacted Plaintiff since that time. Both Defendants remain in default. Due to Defendant's refusal to engage in this case, Neff failed to obtain necessary evidence to support its damages theory and thus has independently investigated the infringement and its perpetrators, leading it to conclude that additional parties Chicken Soup for the Soul Entertainment, Inc. and TOFG LLC are also jointly and severally liable for the infringement and necessary parties to this case. Neff now seeks to amend his pleading to include these parties.

**B. GES fails to address any of the requirements to amend the Complaint**

Leave to amend, including to add new parties pursuant Fed. R. Civ. P. 15(a)(2), should be freely granted so long as the amendment will (1) not cause the other party undue prejudice, (2) is not sought in bad faith, and (3) is not futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). "The consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Eminence, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). "In the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979). Leave to amend is appropriate.

GES does not address these factors and consequently concedes to Neff's position. *See, e.g., Qureshi v. Countrywide Home Loans, Inc.*, No. 09–4198, 2010 WL 841669, at *6 n. 2 (N.D.Cal. Mar. 10.2010) (deeming plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims") (citing *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir.2005)); *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Scott v. City of Phoenix*, No. CV–09–0875–PHX–JAT, 2011 WL 3159166, at *10 (D.Ariz.

Jul. 26, 2011) (failure to oppose statute of limitations argument constituted waiver); *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1147 n. 7 (E.D.Cal.2005) ("At any rate, failure of a party to address a claim in an opposition to a motion for summary judgment may constitute a waiver of that claim."); *In re Online DVD Rental Antitrust Litig.*, No. 09–2029 PJH, 2011 WL 5883772, at *12 (N.D.Cal. Nov. 23, 2011) (absent unusual circumstances, failure to respond to argument on merits "viewed as grounds for waiver or concession of the argument").

Even if these points were not conceded, the facts support the amendment. Neff has provided ample evidence to support its claims.

There is nothing futile about Neff's proposed amendment, nor will Defendants face undue prejudice. Defendants' exploitation of Plaintiff's photograph in its film and the distribution of that film by the contemplated new additional defendants is a clear basis for liability. To establish a prima facie case of direct copyright infringement, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). No party has disputed Plaintiff's ownership of a copyright in the photograph at this stage. To demonstrate direct copyright infringement, Plaintiff must also show "copying of constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has done so here by including in the Complaint and proposed amended Complaint a screenshot of their image in the infirming film See, *Werner v. Evolve Media, LLC*, No. 2:18-CV-7188-VAP-SKX, 2020 WL 3213808, at *3 (C.D. Cal. Apr. 28, 2020) (finding liability where it was "undisputed that the websites displayed each image in its entirety, and that the images contain original elements.").

While the available evidence shows that GES is likely directly liable for the allegedly infringing conduct, it can also be secondarily liable for the new contemplated defendant's conduct. "A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from another's infringing activity

and 'has the right and ability to supervise' the infringing activity." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir.2001), *as amended* (Apr. 3, 2001), *aff'd sub nom. A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002), and *aff'd sub nom. A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002). Thus, a party "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930–31 (2005).

The addition of defendants is not futile, as the evidence indicates liability by all Defendants, including the newly added Defendants. It also will not prejudice Defendants who are currently in default. Further, GES provides no evidence that including additional defendants in this lawsuit is meant to harass other than statements that it is not responsible for the allegedly infringing conduct. A statement that, given the evidence, lacks credibility and should not be the basis for denying this motion.

**C. GES cannot represent itself *Pro Se***

Despite its purported failure to obtain local counsel in this case, GES cannot represent itself *pro se*, given it is not a natural person. Title 28 U.S.C. § 1654 governs appearances in federal court. This statute allows "parties to plead their cases personally," but it does not extend to non-individuals or an artificial entity. See *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987); *Multi Denominational Ministry of Cannabis & Rastafari, Inc.*, 474 F.Supp.2d 113 3, 1141 (N.D.Cal.2007). The defendants are further advised that a corporation may only appear in federal court through counsel. See *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel"); *D–Beam Ltd. v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir.2004). This

"applies equally to all artificial entities," including limited liability companies and unincorporated associations. *Rowland*, 506 U.S. at 202; see also *D–Beam*, 366 F.3d at 973–74; *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir.2007) (per curiam); *Gilley v. Shoffner*, 345 F.Supp.2d 563, 566–67 (M.D.N.C.2004); *Kipp v. Royal & Sun Alliance Pers. Ins. Co.*, 209 F.Supp.2d 962, 963 (E.D.Wis.2002).

For this reason, this court summarily denied the defendant's motion to withdraw, and its renewed request should also be denied.

**D. GES is not eligible under the Pro Bono Project**

While Neff would prefer to have counsel represent defendants with whom he can communicate regarding Defendants' obligations to comply with discovery requests, duly noticed depositions, deadlines, and Court orders, GES is not eligible under General Order 25 under the Pro Bono Project.

As GES rightly points out in their motion, the first criterion for the Project is that "the unrepresented litigant must be in propria persona." General Order 25(I)(A). However, as explained, GES cannot be left *in propia persona*. *Travelers Cas. & Sur. Co. of Am. v. Dunmore,* No. 2:07-CV-02493-TLN-DB, 2021 WL 4263343, at *2 (E.D. Cal. Sept. 20, 2021) ("the [entity defendant] cannot be left in propia persona and must be represented by counsel.) *See Best Deals on TV, Inc. v. Naveed, No. C 07-1610 SBA,* 2008 WL 178254, at *1 (N.D. Cal. Jan. 18, 2008) (explaining that entities may only appear in federal court through counsel).

**E. Neff is not required to meet and confer with parties in default**

GES misconstrues its status as a litigant in this case. Neither the federal rules of civil procedure nor the local rules require a party to meet and confer before filing a motion with defaulted defendants, other than a motion for default judgment. GES does not cite such a requirement. It repeatedly states that the meet and confer obligations still stand because default judgment has not been entered. It cites no authority for this proposition and merely mentions a secondary source that contends a defendant may object or act to avoid default or default judgment. It does not support

the proposition that default *judgment* is required to remove GES from the litigation. GES is in default and thus not an active litigant. Neff has no obligation to meet and confer with GES regarding motions that do not impact its status. Further, GES has no right to file anything before this court other than a motion to vacate the default, providing adequate ground for the untimely filings. This is required for GES to reenter the case. Until GES moves to vacate the default, it is not entitled to notice of Plaintiff's filings.

### F.  GES should not be allowed to submit its answer for consideration

GES's request is both procedurally and substantively improper. In opposition to Neff's motion to amend, it seeks affirmative relief to vacate the entry of default, allow it to file an answer, and appear *pro se*. None of these are appropriate requests in opposition to Neff's request to amend its Complaint. As discussed, GES's request to appear *pro se* has already been denied. As for its request to vacate the entry of default and allow it to file an answer, it must do so with a noticed motion.

The Federal Rules provide that a "court may set aside an entry of default for good cause." Fed. R. Civ. Pro. 55(c). Courts apply the same test to evaluate motions to set aside an entry of default under Rule 55(c) as applied to motions to set aside default judgment under Rule 60(b). *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n. 1 (9th Cir.2010). However, the appropriate mechanism to do so is in a notice motion pursuant to Rule 55(c). GES fails to mention Rule 55(c) in its filing, let alone the requirements.

To determine whether good cause exists to set aside entry of default, the court considers three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the default (or in this case, setting aside entry of default) would prejudice the plaintiff. Id. at 1091; *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.2001). The party moving to set aside the entry of default bears the burden of

demonstrating that these factors favor setting aside the default. *TCI Group*, 244 F.3d at 696.

GES fails to argue or present facts to meet its burden under any of the three factors, and thus, its request must be denied.

## III.  CONCLUSION

GES's attempts to obtain affirmative relief through its opposition should be summarily rejected. Neff's motion should be granted as GES failed to address the issue and thus conceded the necessary factors in favor of the amendment. Courts should freely grant parties leave to amend their pleadings, there is no undue prejudice to any defendant, and there is no dilatory motive or implication of bad faith on the part of Neff. Therefore, Plaintiff should be granted leave to amend the Complaint.

Respectfully submitted,

Date: May 17, 2024         By:    /s/ *Frank R. Trechsel*
                                  Trevor W. Barrett, Esq.
                                  Frank R. Trechsel, Esq.
                                  DONIGER / BURROUGHS
                                  Attorneys for Plaintiff

**L.R. 11-6.2. Certificate of Compliance**

The undersigned certifies that this memorandum of points and authorities complies with the type-volume limitation of L.R. 11-6.1. This certification is made relying on the word count of the word-processing system used to prepare the document.

The undersigned, counsel of record for Plaintiff, certifies that this brief contains **2,188** words, which complies with the word limit of L.R. 11-6.

Dated: May 17, 2024                         By:     */s/ Frank R. Trechsel*
                                                    Frank R. Trechsel