Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dustin Neff, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SBA Entertainment, LLC, a Colorado limited liability company; Goode Enterprise Solutions Inc., a Colorado corporation; Chicken Soup for the Soul Entertainment, Inc., a Delaware corporation; TOFG LLC d/b/a 1091, a Delaware limited liability company; and Does 1-10, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-02518-JD<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br><br>3. VIOLATIONS OF 17 U.S.C. §1202<br><br>**Jury Trial Demanded** |

1
FIRST AMENDED COMPLAINT

Plaintiff Dustin Neff ("Neff") by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. Neff is an acclaimed independent author, researcher, and filmmaker who has published multiple original works on California's Mount Shasta and its forgotten history and legends, and has appeared numerous times on the History Channel, Travel Channel, and Discovery Channel to present his work to the public.

2. Neff brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of his original photography. Defendants SBA Entertainment, LLC ("SBA") Goode Enterprise Solutions Inc. ("Goode") Chicken Soup for the Soul Entertainment, Inc. ("Chicken Soup"), and TOFG, LLC ("TOFG") unlawfully reproduced, published, and prominently displayed and distributed Neff's original photography in their 2019 film *The Cosmic Secret,* as well as online through a promotional video posted on the short-form video hosting service TikTok. Neff at no time sought to associate his work with Defendants or any of their affiliates.

3. This unauthorized usage constitutes copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

7. Neff is an individual residing in California.

8. Neff is informed and believes and thereon alleges that Defendant SBA is a Colorado limited liability company doing business in and with the State of California and this District.

9. Neff is informed and believes and thereon alleges that Defendant Goode Enterprise Solutions Inc. is a Colorado corporation doing business in and with the State of California and this District.

10. Neff is informed and believes and thereon alleges that Defendant Chicken Soup is a Delaware corporation doing business in and with the State of California and this District.

11. Neff is informed and believes and thereon alleges that Defendant TOFG, LLC is a Delaware limited liability company doing business in and with the State of California and this District.

12. Neff is informed and believes and thereon alleges that Defendants Does 1 through 10, inclusive (collectively with SBA, Goode, Chicken Soup, and TOFG, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Neff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full

knowledge of each and every violation of Plaintiff's rights and the damages to Neff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPH

14. Neff created and owns all rights in the original scenic photograph of himself in front of Pluto's Cave in Mount Shasta, California, as depicted in **Exhibit A** ("Subject Photograph").

15. Neff complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph, which Neff has registered with the United States Copyright Office.

16. Prior to the acts complained of herein, Neff widely publicly displayed and disseminated the Subject Photograph, including in articles to promote Neff's own forthcoming film in which the Subject Photograph was to be used.

17. Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photograph for financial benefit by, without limitation, reproducing the Subject Photograph for commercial benefit in their 2019 film titled, *The Cosmic Secret,* which was widely publicly distributed on major streaming platforms including Amazon Prime Video, Crackle, and Tubi, and further reproducing the Subject Photograph in promotional excerpts of *The Cosmic Secret* posted on video hosting service TikTok. True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit B** ("Infringing Uses"). These copies and screen captures represent non-inclusive exemplars of the Infringing Uses. A comparison of the Subject Photograph and an exemplar of the Infringing Uses can be seen below:

| Subject Photograph | Infringing Uses |
|---|---|
|  | |

18.     A comparison of the Subject Photograph with the corresponding images of the Infringing Uses reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

19.     Upon information and belief, Neff alleges that Defendants, and each of them, had access to the Subject Photograph, including through Neff's online profiles and publications, Neff's social media accounts, and/or through viewing the Subject Photograph on third-party websites (e.g., YouTube, Google, etc.)

20.     Neff has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photograph.

21.     Neff did not know or have reason to know of Defendants' infringing conduct prior to three years before the filing of this complaint.

22.     On February 7, 2022, Neff, through his undersigned attorneys, sent SBA a demand to cease and desist all infringing uses of Neff's copyrighted work. SBA has failed to meaningfully respond, thereby necessitating this action.

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

23. Neff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. Upon information and belief, Neff alleges that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph as it was publicly displayed. Access is additionally evidenced by Subject Photograph's exact reproduction in the Infringing Uses.

25. Upon information and belief, Neff alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph including in their film *Cosmic Secret* and accompanying promotional material, as seen, without limitation, in the screen captures attached hereto as **Exhibit B**.

26. Upon information and belief, Neff alleges that Defendants, and each of them, infringed Neff's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

27. Due to Defendants' acts of infringement, Neff has suffered actual, general, and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Neff's rights in the Subject Photograph. As such, Neff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

29. Neff is informed and believe and thereon alleges that he registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

30. Neff is informed and believes and thereon alleges that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with

knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

31. Neff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32. Upon information and belief, Neff alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants; publishing the Infringing Uses on affiliate, third-party, and social media sites; and distributing the Infringing Uses to third-parties for further publication.

33. Neff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective unlawful obtainment, marketing and distribution of the Infringing Uses.

34. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Neff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as

additional actual, general, and special damages in an amount to be established at trial.

35. Neff registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per the Copyright Act.

36. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Neff's rights in the Subject Photograph. As such, Neff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

37. Neff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

38. Neff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

39. The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Neff as the author, including gutter credits identifying "Photograph © Dustin Naef" as seen in **Exhibit A**.

40. Upon information and belief, Neff alleges that Defendants, and each of them, removed Neff's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, attributing it to another artist and/or source.

41. Upon information and belief, Neff alleges that Defendants, and each of them, distributed and published the Subject Photograph on various streaming platforms where *The Cosmic Secret* (2019) is available for viewing, in addition to the site reflected in **Exhibit B** hereto, bearing its own name and removing Neff's attribution information, including without limitation his name and/or metadata.

42. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

43. When Defendants distributed and published the Subject Photograph, they intentionally removed and/or altered Neff's copyright management information in violation of 17 U.S.C. §1202(b), and knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## PRAYER FOR RELIEF

Wherefore, Neff prays for judgment, against all defendants, and each, with respect to each claim for relief as follows:

a. That Defendants—each of them—and their respective agents, employees and servants be enjoined from reproducing, displaying, distributing, disseminating, or otherwise exploiting the Subject Photograph or otherwise violating Plaintiff's exclusive rights in the Subject Photograph;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c. That Plaintiff be awarded his costs and attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

    d. That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said work;

    e. That Plaintiff be awarded pre-judgment interest as allowed by law;

    f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY TRIAL DEMAND

Neff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 28, 2024      By:    */s/ Scott Alan Burroughs*
                                                Scott Alan Burroughs, Esq.
                                                Frank R. Trechsel Esq.
                                                DONIGER/BURROUGHS
                                                *Attorneys for Plaintiff*