NATHAN DOOLEY (SBN 224331)
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel.: 213.892.7933
Fax: 213.892.7999
NDooley@cozen.com

*Attorneys for Specially Appearing Defendants Chicken Soup for the Soul Entertainment, Inc. and TOFG, LLC*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN NEFF, an individual<br><br>Plaintiff,<br><br>v.<br><br>SBA ENTERTAINMENT, LLC, a Colorado Limited Liability Company; GOOD ENTERPRISE SOLUTIONS INC., a Colorado Corporation; CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., a Delaware Corporation; TOFG LLC d/b/a 1091, a Delaware Limited Liability Company; and DOES 1-10, Inclusive,<br><br>Defendants; | Case No.: 3:23-cv-02518-JD<br><br>The Honorable James Donato<br><br>**DECLARATION OF NATHAN DOOLEY IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC. AND TOFG, LLC'S MOTION FOR EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT [CIVIL L.R. 6-3(A)]**<br><br>**(First Request)** |

I, Nathan Dooley, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a member with the law firm of Cozen O'Connor, counsel of record for Specially Appearing Defendants Chicken Soup for the Soul Entertainment, Inc., a Delaware Corporation and TOFG, LLC, a Delaware LLC ("Defendants"). I am providing this Declaration in support of Defendants' Motion for Extension of Time to Respond to Plaintiff's First Amended Verified Complaint (the "Motion"). I have personal knowledge of the matters set forth in this Declaration, and if called upon to testify in court, I could and would competently do so.

2. Defendants received a copy of Plaintiff's Dustin Neff ("Plaintiff") First Amended Complaint ("FAC") and a summons directed on or about May 31, 2024. Defendants contend that they have not been properly served with process in this action, and Defendants reserve all rights, defenses, and objections, including, but not limited to, their defense for insufficient service of process, as well as lack of personal jurisdiction. However, for purposes of this Motion, Defendants assume that their current deadline to respond to the FAC would be June 20, 2024. This Motion seeks an extension of that deadline to July 22, 2024.

3. I was retained as counsel for Defendants on or about June 19, 2024. In the meantime, defense of this action has been tendered to other parties. On June 20, 2024, I learned of the current response date for the FAC.

4. Also on June 20, 2024, my colleague Brett Taylor emailed Plaintiff's counsel to request that the parties stipulate to extend Defendants' deadline to respond to the FAC. A true and correct copy of that email correspondence is attached hereto as Exhibit A. Because Ms. Taylor was in a deposition throughout the day, her assistant Alma Rincon called Plaintiff's counsel to request an extension and was able to reach an individual by the name of "Inigo" at Plaintiff's law offices who represented that Plaintiff would not take Defendants' default if no response to the Complaint was timely filed. A

1 true and correct copy of an email from Ms. Rincon reflecting this fact is attached hereto as Exhibit B.

2 5. I then called Plaintiff's counsel, Mr. Burroughs, stated my name, and identified the case I was calling about. His receptionist attempted to transfer my call to Mr. Burroughs, but then explained that Mr. Burroughs could not take my call. Mr. Burroughs' receptionist then transferred my call to Mr. Burroughs' paralegal who identified himself as Inigo. Mr. Burroughs' paralegal explained that there was no attorney available to take my call. I stated that I would have no choice but to file a motion seeking an extension, and he responded that Plaintiff would not oppose that Motion.

6. Based on the face of the FAC, there appear to be material allegations that are not true. In the FAC, the plaintiff appears to allege that the Defendants began infringing his Copyright with the distribution of a film in 2019. *See e.g.* FAC ¶ 2. Later, Plaintiff alleges that "he registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue." *Id.* ¶ 29. In Docket Entry 2, however, the plaintiff refers to a copyright registration (Vau 1-477-644) that was registered on 1/3/2022. These allegations appear to be incompatible, and in any event render it impossible for Plaintiff to obtain statutory damages or attorneys' fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of June, 2024 at Los Angeles, California.

*s/Nathan Dooley*
Nathan Dooley