Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DUSTIN NEFF,

Plaintiff,

v.

SBA ENTERTAINMENT, LLC, et al,

Defendants.

Case No. 5:23-cv-02518-EKL

**CASE MANAGEMENT CONFERENCE STATEMENT & [PROPOSED ORDER]**

Plaintiff, Dustin Neff, hereby submits this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. <u>Jurisdiction and Service:</u>**

This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b). All known defendants in this matter have been served.

**2. <u>Facts:</u>**

This is a clear case of copyright infringement. Plaintiff, Dustin Neff, is an independent filmmaker, author, and researcher whose work has been featured on such major outlets as the History Channel, the Travel Channel, and the Discovery Channel.

Neff created and owns a valid copyright registration for the original photograph of himself in front of Pluto's Cave at Mount Shasta, California at issue in

this case. The Subject Photograph was also routinely displayed with copyright management information ("CMI") identifying Neff as the author and owner of the Subject Photograph. Prior to the acts complained of in this action, Neff widely displayed the Subject Photograph, including in articles to promote his forthcoming film in which the Subject Photograph was to be used.

Defendants SBA Entertainment, LLC, Goode Enterprise Solutions, Inc., Chicken Soup for the Soul Entertainment, Inc., and TOFG, LLC copied the Subject Photograph without Neff's authorization or consent including by reproducing and distributing same in the film *The Cosmic Secret* ("Accused Film,") which on information and belief was produced, promoted, and distributed by Defendants and which was directed, written by, and stars James Corey Goode, the owner of Goode Enterprises, LLC. The Accused Film was publicly distributed and sold on major streaming platforms including Amazon Prime Video, Crackle, Tubi, and excerpts of the Accused Film featuring the Subject Photograph were further used to promote the film on social media. Neff's CMI was not included with any display of the Accused Film and Neff was not credited in any way in same. Defendants also unlawfully reproduced, published, and prominently displayed and distributed Neff's original photograph online through a promotional video posted on the short-form video hosting service Tik-Tok.

These unauthorized exploitations violated Neff's exclusive rights in his artwork under 17 U.S.C. § 106, including the exclusive rights to reproduce, distribute, and create derivative works from his original material. And the removal and/or alteration of Neff's CMI and the display of the Subject Photograph with false CMI are violations under 17 U.S.C. § 1202.

As of September 17, 2024, all aforementioned named Defendant parties have not filed an answer or any pre-answer motions. Plaintiff Neff anticipates filing a forthcoming motion to amend its First Amended Complaint to name the individuals

that own the corporate entities as well as potentially other recently discovered Doe Defendants who have also infringed on Neff's copyrights as alleged the First Amended Complaint.

**3. <u>Legal Issues:</u>**

The primary legal issues in this case are Neff's ownership of the Subject Photograph and Defendants' infringement thereof, including Defendants' access to the Subject Photograph, the substantial similarity between the Subject Photograph and the infringing use found in the Accused Film, and Neff's damages suffered as a result of Defendants' infringement.

**4. <u>Motions:</u>**

On November 24, 2023, Defendant Good Enterprise Solutions, Inc.'s counsel Valerie A. Yanaros, Esq. filed a Motion to Withdraw (Dkt. 26) as counsel as her client wished to proceed *pro se* through owner James Corey Goode. On January 10, 2024, this Court denied her Motion to Withdraw. Dkt. 33.

On November 27, 2023, Neff filed a Motion for Entry of Default against Defendant Good Enterprise Solutions, Inc. Dkt. 27. The Clerk entered default as to the Defendant on December 6, 2023. Dkt. 29.

On November 27, 2023, Neff filed a Motion for Entry of Default against Defendant SBA Entertainment, LLC. Dkt. 28. On December 6, 2023, the Clerk filed a Declination of Default as to SBA Entertainment, LLC. Dkt. 30. The same day, Neff filed another Motion for Entry of Default against SBA Entertainment, LLC. Dkt. 31. On December 8, 2023, the Clerk entered default as to the Defendant. Dkt. 32.

On April 26, 2024, Plaintiff Neff filed a Motion for Leave to File his First Amended Complaint (Dkt. 34) to add Defendants Chicken Soup for the Soul Entertainment, Inc., and TOFG, LLC. On May 28, 24, this Court granted Neff's Motion to Amend. Dkt. 37.

On June 20, 2024, Defendants Chicken Soup for the Soul Entertainment, Inc.

and TOFG, LLC filed an unopposed Motion for Extension of Time to Respond to Neff's First Amended Complaint. Dkt. 45. On June 26, 2024, this Court granted Defendants' Motion for Extension of Time to Respond. Dkt. 46. Chicken Soup then filed a Suggestion of Bankruptcy. Dkt. 47.

Neff anticipates filing a forthcoming Motion for Leave to Amend its First Amended Complaint to name several Doe Defendants after recently discovering several other parties involved in the chain of infringement of the Subject Photograph.

Neff further anticipates filing a Motion for Partial Summary Judgment for liability as to the Defendants' liability for copyright infringement by the deadline for the dispositive motions.

**5. <u>Amendment of Pleadings:</u>**

Neff initially filed his Complaint on May 23, 2023 against SBA Entertainment, LLC and Good Enterprise Solutions Inc. on (Dkt. 1). Neff filed a First Amended Complaint on May 28, 2024 to add Defendants Chicken Soup for the Soul Entertainment, Inc. and TOFG LLC. (Dkt 38).

Neff included in this lawsuit unnamed "Doe" defendants. Neff anticipates amending his First Amended Complaint to name additional parties.

**6. <u>Evidence Preservation:</u>**

Neff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Neff confirms that he has undertaken steps to preserve evidence relevant to the issues reasonably evident in this action. However, the parties have not yet met and conferred regarding reasonableness and proportionality in discovery.

**7. <u>Disclosures:</u>**

Neff has fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26 and produced its Initial Disclosures to Defendant Pursuant to local and federal rules of civil procedure.

**8. Discovery:**

Neff anticipates using all discovery procedures allowed under the Federal Rules, including depositions, requests for documents, interrogatories, and requests for admissions, to be completed in accordance with the scheduling order. Neff anticipates entering into an appropriate stipulated protective order governing the disclosure and use of any sensitive information or documents exchanged during discovery. To date, there has been no discovery propounded.

Neff further anticipates seeking all pertinent information regarding Defendants' revenues attributable to the Accused Film and web-traffic to pages on which Defendants promoted the Accused Film using, in whole or in part, the Subject Photograph. Neff also anticipates seeking all pertinent information regarding Defendants' revenues attributable to their infringing use of the Subject Photograph to promote the Accused Film on social media platforms such as TikTok.

**9. Class Actions:**

N/A.

**10. Related Cases:**

N/A

**11. Relief:**

As set forth in its First Amended Complaint, Neff seeks:

a. That Defendants – and each of them – and their respective agents, employees and servants be enjoined from reproducing, displaying, distributing, disseminating, or otherwise exploiting the Subject Photograph or otherwise violating Plaintiff's exclusive rights in the Subject Photograph;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plust all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, 1203 et seq.;

c. That Plaintiff be awarded his costs and attorneys' fees as available under the Copyright Act 17 U.S.C. §§ 505, 1203, et seq.;

d. The Neff be awarded his recoverable costs;

e. That Neff be awarded pre-judgment interest as allowed by law;

f. That Neff be awarded such further legal and equitable relief as the Court deems proper.

**12. Settlement and ADR:**

Neff and his counsel have reviewed the Alternative Dispute Resolution Procedures Handbook. Because Defendants have not yet appeared in this action, Neff's counsel has not had an opportunity to confer with Defendants regarding ADR selection.

**13. Other References:**

Neff believes this case does not warrant binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues:**

Neff has not yet been able to confer with Defendant over any narrowing of issues.

**15. Expedited Trial Procedure:**

Neff believes this case does not call for the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16. Scheduling:**

Neff proposes that scheduling be addressed once the new parties appear in the case.

**17. Trial:**

If trial is necessary, Neff anticipates that a trial would require 2-3 days.

**18. Disclosure of Non-Party Interested Entities or Persons:**

Neff filed his certification of interested entities or persons. Dkt. 14.

**19. Professional Conduct:**

Neff's counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other:**

i. *Parties:*

a. Plaintiff Neff is an individual residing in California.

b. Defendant SBA Entertainment, LLC is a Colorado limited liability company doing business in and with the State of California and this District.

c. Defendant Goode Enterprise Solutions Inc. is a Colorado corporation doing business in and with the State of California and this District.

d. Defendant Chicken Soup for the Soul Entertainment, Inc. is a Delaware corporation doing business in and with the State of California and this District.

e. Defendant TOFG, LLC is a Delaware limited liability company doing business in and with the State of California and this District.

f. Defendants Does 1 though 10 are other parties not yet identified who have infringed, contributed to the infringement of or have engaged in one or more of the wrongful practices alleged below regarding Neff's copyrights.

ii. *Summary of claims:*

a. Copyright Infringement

Neff alleges that Defendants, and each of them, accessed the Subject

Photograph, copied, reproduced, displayed, and distributed the Subject Photograph and/or created unauthorized derivative works from the Subject Photograph for their pecuniary gain, all without license, authorization or permission from Neff.

b. <u>Vicarious and/or Contributory Copyright Infringement</u>

Neff alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photograph, including publishing copies obtained from third parties that Defendants actually or constructively knew were not authorized to be published by Defendants. Neff also alleges Defendants are vicariously liable for the infringement because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

c. <u>Violations of 17 U.S.C. §1202</u>

Neff alleges that Defendants, and each of them, removed Neff's copyright management information ("Photograph © Dustin Naef") from the Subject Photograph in their infringing use and/or added false copyright management information to the Subject Photograph, attributing it to another artist and/or source.

iii. *<u>Procedural history:</u>*

| Event | Date |
| --- | --- |
| Complaint filed against Defendants SBA Entertainment, LCC and Goode Enterprise Solutions, Inc. (Dkt. 1) | May 23, 2023 |
| Defendant SBA Entertainment, LCC served complaint and summons (Dkt. 7) | June 8, 2023 |
| Defendant Goode Enterprise Solutions, Inc. served complaint and summons (Dkt. 8) | June 8, 2023 |
| ADR Certification by Parties and Counsel (Dkt. | August 3, 2023 |

| | |
|---|---|
| 13) | |
| Default entered for Defendant Good Enterprise Solutions, Inc. (Dkt. 29) | December 6, 2023 |
| Default entered for Defendant SBA Entertainment, LLC (Dkt. 32) | December 8, 2023 |
| First Amended Complaint filed to add Defendants Chicken Soup for the Soul Entertainment, Inc. and TOFG LLC (Dkt. 38) | May 28, 2024 |
| Notice of Defendants Chicken Soup for the Soul Entertainment, Inc. and TOFG LLC's petition for bankruptcy (Dkt. 47) | July 1, 2024 |
| Case Reassigned to Judge Eumi K. Lee and Magistrate Judge Susan van Keulen (Dkt. 48) | August 21, 2024 |

In light of the above, Plaintiff respectfully requests leave to file an amended complaint within the next 14 days. Once the newly added parties appear, Plaintiff and these parties can confer regarding a proposed schedule.

Respectfully submitted,

Dated: September 17, 2024

By: *_/s/ Scott A. Burroughs_*
Scott A. Burroughs, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: ___________ 2024 By: ________________________________________

UNITED STATES DISTRICT JUDGE