# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 25-16569-JGR |
| | ) | |
| Goode, James | ) | |
| | ) | Chapter 13 |
| Goode, Stacy | ) | |
| | ) | |
| Debtors | ) | |

## DEBTORS' MOTION TO EXTEND STAY

COMES NOW Debtors by and through Counsel, N. Craig Horvath, and for their Motion to Extend the Automatic Stay as to Co-Debtor, Goode Enterprise Solutions, Inc. ("GES"), pursuant to 11 U.S.C. § 105(a) states as follows:

1. The Debtors did file for relief under Chapter 13 of the Bankruptcy Code on October 9, 2025.

2. 11 U.S.C. §362(a) provides that the filing of a bankruptcy petition operates as an automatic stay of all actions, proceedings and enforcement efforts against the Debtor, his property, and property of the estate.

3. At the time of filing, there was pending litigation in the U.S. District Court for the District of Colorado under case number 1:20-cv-00742-DDD-KLM that is captioned Corey Goode and Goode Enterprise Solutions, Inc. v. Gaia, Inc. et al..

4. The Debtor, James Corey Goode, is the principal and majority shareholder of GES.

5. GES is a legal entity in Colorado but it has ceased operations and is no longer conducting business. There is no intent to resume business activities and there are no ongoing revenue streams or active contracts.

1

6. 11 U.S.C. §362 does not allow for a co-debtor stay on non-consumer debt. However, the courts have recognized a narrow exception where "unusual circumstances" create such an identity of interest between the debtor and the non-debtor that a judgment against the non-debtor would effectively be a judgment against the debtor. *Fleet Bus. Credit, L.L.C. v. Wings Restaurants, Inc.*, 291 B.R. 550 (N.D. Okla. 2003). In these cases, the courts may extend the stay to non-debtors when (a) the debtor and non-debtor are so closely related that the debtor is the real party in interest, or (b) the non-debtor's liability would directly affect the property of the estate. *See A.H. Robins CO. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986); *Martin v. Tap Rock Res.,* 519 F. Supp 3d 961 (D. Wyo. 2021).

7. In this case, GES has no independent operations or assets and James Corey Goode is the sole party that could represent the business. The parties are so closely related that allowing the pending litigation to proceed and address the claims asserted by Gaia will effectively circumvent the Debtor's automatic stay that operates pursuant to 11 U.S.C. § 362.

8. The Debtors' Chapter 13 petition is filed in good faith with an intent to reorganize the financial affairs of the Debtors and satisfy creditor obligations through the Chapter 13 plan.

9. The Debtors believe that this case represents the "unusual circumstances" where the automatic stay should be extended to GES so that the Debtor's automatic stay is not compromised.

THEREFORE, Debtors hereby requests this Honorable Court to Extend the Automatic Stay to the co-debtor, Goode Enterprise Solutions, against all creditors and pending proceedings.

Dated: October 27, 2025     The Horvath Law Firm, LLC

*/s/ N. Craig Horvath*
Counsel for Debtors
Attorney registration number: 47393
PO Box 698
Littleton, CO 80160
Telephone number: 303.900.8741
E-mail: craig@thehorvathlawfirm.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 25-16569-JGR |
| | ) | |
| Goode, James | ) | |
| | ) | Chapter 13 |
| Goode, Stacy | ) | |
| | ) | |
| Debtors | ) | |

## ORDER EXTENDING STAY

THIS MATTER is before the Court on the Debtors' Motion to Extend Stay. The Court, having reviewed the file does hereby:

FIND that proper notice has been given and creditors have failed to respond or otherwise defend. It is therefore

ORDERED, ADJUDGED AND DECREED that the automatic stay is extended to Goode Enterprise Solutions (GSE) pursuant to Section 362(a) and shall continue until discharge of the Chapter 13 case unless a Motion for Relief is granted under Section 362(d).

DONE AND SIGNED this _____ day of _____, 2025.

BY THE COURT:

_____
United States Bankruptcy Judge