Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

DUSTIN NEFF,

Plaintiff,

v.

SBA ENTERTAINMENT, LLC, *et al.*,

Defendants.

Case No. 5:23-cv-02518-EKL

**PLAINTIFF'S STATUS REPORT**

Plaintiff, Dustin Neff, per the Court's January 14, 2026 Order at Docket No. 70, hereby submits this Status Report to update the Court on the status of the bankruptcy proceedings that gave rise to the stay of this action and to address the requirements of a case management statement under the Northern District's Local Rules and this Court's Civil Standing Order.

## I.    STATUS OF BANKRUPTCY MATTERS

### A.    Colorado Bankruptcy—James Corey Goode (Bankr. D. Colo. Case No. 25-16569-JGR)

As demonstrated in **Exhibit 1** attached hereto, James Corey Goode's joint Chapter 13 case (Bankr. D. Colo. No. 25-16569-JGR) remains pending, with no plan yet confirmed. In 2026, an adversary proceeding by Gaia, Inc. seeking to declare Goode's debt non-dischargeable (Adv. No. 26-01007) concluded with a final judgment on June 4, 2026 and closed on June 16, 2026. Goode filed another Amended Chapter 13 Plan on July 2, 2026 (Dkt. 61); objections are due July 23, 2026, and a confirmation hearing (at which the court will also consider dismissal) is set for August 6, 2026.

### B.    Delaware Bankruptcy—Chicken Soup for the Soul Entertainment, Inc. and TOFG, LLC (Bankr. D. Del. Case No. 24-11442-MFW)

As demonstrated in **Exhibit 2** attached hereto, Chicken Soup for the Soul Entertainment, Inc. and its affiliates (Bankr. D. Del., lead case No. 24-11442-MFW) filed Chapter 11 on June 28, 2024, and the cases were converted to Chapter 7 on July 10, 2024. In 2026, the Trustee obtained approval—following an evidentiary hearing—of a sharing agreement with the prepetition secured lenders (order entered March 5, 2026), over objections from Chicken Soup, William Rouhana, and others, and the court approved the Trustee's professional fee applications in June 2026. Most significantly, beginning in June 2026 the

Trustee commenced a large wave of adversary proceedings, such as preference and avoidance actions (Adv. Nos. 26-50480 et seq.), against numerous defendants, and the court approved tolling agreements on July 7, 2026. Separately, a party-in-interest's appeals were dismissed by the District Court (most recently July 22, 2026).

## II.   CASE MANAGEMENT STATEMENT

Because the Court has stayed this action in its entirety (Dkt. 70), and because Defendants SBA and GES have not appeared through counsel and the remaining defendants are in Chapter 7 bankruptcy, no defendant has participated in the preparation of a joint statement. Plaintiff therefore addresses the topics required for a joint case management statement under the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and Section VI of this Court's Civil Standing Order, as follows.

### A.   Jurisdiction and Venue

The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(a). No issues concerning personal jurisdiction or venue remain. All named defendants have been served.

### B.   Facts

Plaintiff Dustin Neff, an author and filmmaker, created, owns, and registered the copyright in an original photograph of himself at Pluto's Cave, Mount Shasta (the "Subject Photograph"), published with a credit identifying him as author. Plaintiff alleges that Defendants reproduced and distributed the Subject Photograph without authorization in their 2019 film *The Cosmic Secret* and in promotional excerpts on social media, and that they removed or falsified his copyright management information. Plaintiff alleges willful copyright infringement, vicarious and contributory infringement, and violation of 17 U.S.C. § 1202. Because SBA and GES

have not appeared through counsel and the remaining defendants are in bankruptcy proceedings, the material allegations are, for present purposes, largely undisputed.

### C.    Legal Issues

The principal disputed points of law include: (a) whether Plaintiff owns a valid, enforceable copyright in the work at issue; (b) whether Defendants infringed by copying protected elements of that work; (c) the appropriate measure of damages, including actual damages and Defendants' profits or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c); (d) Plaintiff's entitlement to attorneys' fees and costs under 17 U.S.C. § 505; and (e) the effect, if any, of the pending bankruptcy proceedings on the claims against the named defendants.

### D.    Motions

Upon the lifting of the stay, Plaintiff anticipates renewing his request for entry of default against SBA and GES and thereafter moving for default judgment.

### E.    Amendment of Pleadings

Plaintiff amended his complaint on May 28, 2024. Plaintiff anticipates that he may seek leave to further amend to add additional parties, including other entities owned or controlled by Goode to whom the rights in the infringing work may have been transferred, once those parties are identified through discovery, including a deposition of Goode. Consistent with Section VI of the Court's Civil Standing Order, Plaintiff proposes that the deadline to seek leave to amend the pleadings be set no later than 60 days after the initial case management conference held upon the lifting of the stay.

STATUS REPORT

**F.    Evidence Preservation**

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and has taken reasonable and proportionate steps to preserve evidence relevant to the claims, including relevant documents and electronically stored information.

**G.    Disclosures**

The parties have not exchanged initial disclosures under Federal Rule of Civil Procedure 26(a)(1) in light of the defaults, the non-appearance of SBA and GES, and the stay. Plaintiff will serve initial disclosures on any appearing party on a schedule to be set following the lifting of the stay.

**H.    Discovery**

No discovery has been taken to date, and all discovery is stayed. Upon the lifting of the stay, Plaintiff anticipates seeking discovery, including a deposition of James Corey Goode to identify additional entities he has created and to determine who currently owns the rights in the infringing work at issue. Plaintiff does not presently propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure or the Local Rules. The parties have been unable to conduct a Rule 26(f) conference; Plaintiff will submit a proposed discovery plan following the lifting of the stay.

**I.    Class Actions**

Not applicable.

**J.    Related Cases**

Plaintiff is not aware of any related cases or proceedings pending before this Court or any other court within the meaning of Local Rule 3-12(a), other than the bankruptcy proceedings identified above pending in the District of Colorado (Case No. 25-16569-JGR) and the District of Delaware (Case No. 24-11442-MFW).

STATUS REPORT

**K.    Relief**

Plaintiff seeks: (a) actual damages and Defendants' profits attributable to the infringement or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c); (b) injunctive relief under 17 U.S.C. § 502; (c) attorneys' fees and costs under 17 U.S.C. § 505; and (d) pre- and post-judgment interest.

**L.    Settlement and ADR**

Plaintiff has filed his ADR Certification (ADR L.R. 3-5(b)) at Docket No. 13. Meaningful settlement and ADR discussions have been impeded because Defendants SBA and GES have not obtained counsel and the remaining defendants are in Chapter 7 bankruptcy. Consistent with Section VI of the Court's Civil Standing Order, Plaintiff proposes that the deadline to complete an initial ADR session be set at approximately 120 days after the initial case management conference to be held upon the lifting of the stay.

**M.    Other References**

Plaintiff does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**N.    Narrowing of Issues**

In light of the defaults and non-appearance of SBA and GES and the bankruptcy status of the remaining defendants, Plaintiff does not presently propose issues that can be narrowed by agreement or motion, other than as may be resolved through entry of default and default judgment.

**O.    Scheduling**

The action is currently stayed in its entirety (Dkt. 70), and Plaintiff respectfully submits that a case schedule cannot practicably run while the stay remains in place. In compliance with Section VI of the Court's Civil Standing Order, however, and so that a full litigation schedule is before the Court, Plaintiff proposes that the following deadlines be set by reference to the initial

case management conference ("ICMC") to be held promptly after the stay is lifted, using the target-date framework in the Court's Civil Standing Order, unless any other unforeseen circumstances require a modification of the same, such as Defendants' objections or the discovery further infringements or parties. Plaintiff will meet and confer with any appearing defendant and submit a proposed order setting specific calendar dates at or before the initial case management conference held after the stay is lifted.

**P.      Trial**

Plaintiff has demanded a jury trial. Plaintiff estimates a trial length of approximately 2-3 days.

**Q.      Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 on August 14, 2023 at Docket No. 14. Plaintiff reported no known interested entities or persons other than the named parties.

**R.      Professional Conduct**

Counsel for Plaintiff has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**S.      Other Matters**

Plaintiff respectfully requests that the Court vacate the Status Conference set for August 12, 2026 and set a further case management schedule upon the lifting of the stay.

Respectfully submitted,

Dated: July 15, 2026         By:  */s/ Scott Alan Burroughs*
                                  Scott Alan Burroughs, Esq.
                                  DONIGER / BURROUGHS
                                  *Attorneys for Plaintiff*

STATUS REPORT